[Crim. No. 32865. Second Dist., Div. Two. Aug. 29, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
ARTHUR A. NAVARRO, Defendant and Respondent.

**COUNSEL**

Burt Pines, City Attorney, George C. Eskin, Chief Assistant City Attorney, Laurie Harris and S. Thomas Todd, Deputy City Attorneys, for Plaintiff and Appellant.

Edwin L. Miller, Jr., District Attorney (San Diego), Peter C. Lehman and George J. Du Borg, Deputy District Attorneys, Dryden, Harrington & Swartz, George J. Franscell and Linda B. Greenberg as Amici Curiae on behalf of Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Robert Berke and Anita Susan Brenner, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

**FLEMING, Acting P. J.—** ▮▮▮ The People appeal an order of the Municipal Court of the Los Angeles Judicial District dismissing a criminal misdemeanor complaint charging a violation of Health and Safety Code section 11550 (use or under influence of a controlled substance). In the course of the proceedings defendant moved to discover complaints by others against the police officers who arrested defendant, although the cause did not affirmatively involve any issue of assault or battery or use of excessive force.

Apparently on the sole basis of a declaration by a deputy public defender to the effect that, "the defense *may* contend that the defendant did not voluntarily agree to provide a urine sample, but rather was coerced into providing the sample as a result of unlawful tactics and excessive force" (italics added), the municipal court ordered the prosecution to produce the following information:

1. The names, addresses, and telephone numbers of all persons who had filed complaints with the Los Angeles Police Department against officer(s) R. Carreo #13198 and G. Madsen #10100 in relation to illegal or false arrest, improper tactics, dishonesty, false imprisonment, improper search and seizure, and excessive force.

2. The dates of the complaints described in item 1.

3. The names, addresses, telephone numbers, and any other information which would assist the defense in locating all persons interviewed by

Los Angeles Police Department investigators and other personnel during investigations into such complaints.

4. Verbatim copies of all statements, written or oral, made by the persons who brought the complaints.

5. Verbatim copies of all statements, written or oral, made by persons interviewed during investigations of the complaints.

6. Verbatim copies of all investigative reports made as a result of the complaints.

7. .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

8. .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

9. All findings, reports, opinions and transcripts of disciplinary actions or proceedings commenced or taken against the above-named officer(s) by the Los Angeles Police Department relating to said officer(s)' use of improper search and seizures, improper tactics, dishonesty, false imprisonment, illegal or false arrests, and excessive force.

In issuing this order the court, relying primarily on *People* v. *Mascarenas* (1971) 21 Cal.App.3d 660 [98 Cal.Rptr. 728], ruled, in effect, that substantial justification existed for discovery of evidence of character to prove conduct pursuant to Evidence Code section 1101, subdivision (b), and that plausible justification existed for discovery of evidence of credibility pursuant to Evidence Code section 780, subdivision (e), and for discovery of evidence of specific instances of conduct pursuant to Evidence Code section 787. On the People's refusal to comply with the discovery order, the court dismissed the complaint, and this appeal followed.

*Mascarenas, supra,* is an unusual case involving as complainant a 16-year-old boy, Serrantino, who aspired to become a federal narcotics agent. To further his aspiration he presented himself to the Santa Monica Police Department and volunteered to work as an undercover agent in a narcotics "buy program." Serrantino testified he purchased codeine tablets from Mascarenas, an elderly man permanently disabled with a back ailment and an ulcer, whose treatment by the Veterans' Administration provided him with supplies of codeine. Serrantino's testimony was uncorroborated, and a defense witness testified Serrantino had stolen the

bottle of codeine tablets from Mascarenas. The court excluded evidence that Serrantino had stolen a hat from a department store, purportedly to obtain Mascarenas' confidence; excluded evidence that on another occasion Serrantino had stolen a bottle of wine to ingratiate himself with a suspect he was investigating; and excluded evidence that on still another occasion he had falsely charged a suspect with selling him drugs. The Court of Appeal reversed the judgment of conviction, holding that the excluded evidence should have been admitted as evidence tending to prove a plan by Serrantino to steal and falsify to attain his objective of securing convictions and thereby further his prospective career. (Evid. Code, § 1101, subd. (b).)

*Mascarenas* deals with admissibility of evidence at the trial, not with the showing necessary to establish a right to particular items of criminal pretrial discovery. ■ Evidence may be theoretically admissible under a particular section of the Evidence Code, and yet not discoverable because not sufficiently relevant to the subject matter of the action. ■
In *Pitchess* v. *Superior Court (Echeveria)* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305] the defendant was charged with battery against deputy sheriffs, and the Sheriff of Los Angeles County attempted to obtain a writ of mandate to quash a subpena duces tecum directing him to produce records of investigations into complaints against these deputies involving use of excessive force. The court held discovery proper, in that defendant had asserted on sufficient affidavits that he acted in self-defense in resisting the use of excessive force by the sheriff's deputies, and consequently the records sought could lead to evidence relevant to the issue of self-defense.

In the instant case defendant is not charged with battery against a police officer, and the only declaration on file is made on information and belief by a deputy public defender, who avers that defendant "may" contend the police used excessive force to coerce him into providing a specimen of his urine. In a proper case and on a proper and substantial showing by way of detailed affidavit in which defendant commits himself under oath to a particular assertion of fact, it is conceivable the material sought might be discoverable. But this is not that case. Here, there has been no showing of even plausible justification for discovery. (*Ballard* v. *Superior Court* (1964) 64 Cal.2d 159, 167-168 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416]; *Joe Z.* v. *Superior Court* (1970) 3 Cal.3d 797, 804-806 [91 Cal.Rptr. 594, 478 P.2d 26].)

The judgment of dismissal is reversed, and the cause is remanded to the municipal court with directions to vacate its discovery order and proceed to trial.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied September 26, 1978, and respondent's petition for a hearing by the Supreme Court was denied October 25, 1978. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.