[Civ. No. 57504. Second Dist., Div. One. Jan. 25, 1980.]

HERMAN TYLER, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE et al., Real Parties in Interest.

COUNSEL

Donald M. Re, Sherman & Nordstrom and Arthur Sherman for Petitioner.

No appearance for Respondent.

John H. Larson, County Counsel, and David B. Kelsey, Deputy County Counsel, for Real Parties in Interest.

OPINION

KAUFMANN, J.*—In this petition for writ of mandate the petitioner is seeking discovery of the names, addresses and telephone numbers of all civilian witnesses and all law enforcement witnesses involved in allegations of false arrests, fabrication of charges and illegal searches and seizures made by the two deputy sheriffs who arrested him on a charge of violating Health and Safety Code section 11351 (unlawful possession of a controlled substance for sale); he is also seeking discovery of their respective personnel files, including but not limited to any documents

---

*Assigned by the Chairperson of the Judicial Council.

relating to their conduct in these areas.[1] The affidavit in support of the motion to compel discovery in the superior court was made upon information and belief by the petitioner's counsel. No affidavit was filed by the petitioner. The superior court denied the motion, whereupon this petition was filed.

The affidavit filed by petitioner's counsel alleges generally that a series of events transpired substantially different from those testified to by the deputy sheriffs at petitioner's preliminary examination. It recited that the defendant contends that there are substantial inaccuracies relating to the stopping of the petitioner, searching of the vehicle and locations of items of contraband. Nothing more specific was alleged. A reference was made to a previous stop, arrest and search of the petitioner by the officers without proper cause. No specific facts were alleged. In addition, a reference was made to bail reduction by the magistrate who alluded to the lack of identification when bail was originally set, and the substantial reduction in the amount of heroin allegedly involved from possibly $2 million to $150,000. The materiality was alleged as follows: "Furthermore, there appears to be a substantial likelihood, based upon the contentions of the defendant, that the deputies in this case have, in the past, engaged in illegal and unlawful searches, detentions, and arrests of suspects, and have later fabricated charges against those suspects in order to cover up their earlier activity. Thus the deputies' personnel files, the identity of any citizen-complainants, and the results of any investigation into such complaints conducted by the sheriff's department are all relevant. Similarly, the existence of any field interview cards or other cards documenting the detention or arrest of the defendant on previous occasions by these officers would be relevant to demonstrate their intent in this case."[2]

This court initially denied the writ of mandate. Upon petition for hearing to the Supreme Court, the matter was transferred back to this court with directions to issue an alternative writ of mandate. The primary issue raised at that time was whether the petitioner was personally required to submit a declaration in support of the motion.

[1] These items were designated in items 5 and 7 respectively of the motion. Other requested items were allowed with the exception of departmental evaluations of the two officers in these areas, as to which no contest is being made.

[2] The real party in interest points out that the field interview card was held to be discoverable under item number 2. Also, it is assumed that petitioner has no interest in personnel information in the files unrelated to duty performance, despite the unqualified breadth of the request.

This is no longer the posture of the case inasmuch as the real party in interest in its return states: "In this case, it hardly matters whether petitioner or his counsel signed the declaration in support of discovery. The real issue in this case is whether the showing made by the petitioner, whether signed by counsel or client, is adequate to justify discovery of confidential materials." We concur. Nevertheless, since the petitioner raised the question as a significant aspect of the petition, it should be laid to rest even though we do not regard the absence of a personal affidavit by the petitioner as dispositive.

Initially it should be noted that the record is not complete. It does not contain a copy of the trial court's order or a transcript of the hearing before the court. We are presented with the motion, the supporting affidavit of petitioner's counsel and his points and authorities. ■ In considering the issuance of a writ of mandate to a trial court upon a review of its order denying pretrial discovery, its order is presumed correct; all intendments and presumptions are indulged to support it on matters as to which the record is silent and error must be affirmatively shown. (*Lemelle* v. *Superior Court* (1978) 77 Cal.App.3d 148, 156 [143 Cal.Rptr. 450].) Here there is no record produced which establishes that the basis of the trial court's denial was the failure of the petitioner personally to produce an affidavit. Petitioner's own allegations before this court are to the contrary; he alleged: "Items 5 and 7 [the pertinent items] were denied upon the grounds that the Petitioner made an inadequate factual showing justifying discovery; and that such discovery could lead to 'extensive litigation' and would be an unjustified 'burden'. . . ." True, there is an additional allegation, denied in the return, that the superior court was of the opinion that petitioner should personally submit a declaration, but even if this were so, it does not indicate any failure on the part of the trial court to consider the motion for this reason, but rather is consistent with the prior allegation that the trial court determined that an inadequate factual showing had been made and there were policy reasons why on the strength of that inadequate showing, discovery should not be allowed. On the strength of the record presented and the appropriate scope of review, we conclude that the petitioner has failed to show any abuse of discretion by the trial court in this regard.

Additionally, certain facts and their relevancy to a case for purposes of discovery may be required to be furnished by a defendant personally if he wishes to satisfy the court that he is not on a "fishing expedition"

and there is plausible justification and good cause for discovery. *People v. Navarro* (1978) 84 Cal.App.3d 355 [146 Cal.Rptr. 672] (pet. for hg. den.), presents a good example of this in that the defendant's counsel there alleged that he "may" contend the police used excessive force to coerce him into providing a urine specimen. It does not appear that the court was provided with an affidavit factually supporting the possible contention, even upon information and belief. It was in this context that the court held the affidavit of defendant's counsel insufficient for failing to show "even plausible justification for discovery" of past citizens' complaints and investigations of the involved officers' conduct. The defendant was a percipient witness and had raised no issue of self-incrimination. The court stated that "In a proper case and on a proper and substantial showing by way of detailed affidavit in which defendant commits himself under oath to a particular assertion of fact, it is conceivable the material sought might be discoverable." We do not view *Navarro* as requiring an affidavit personally by a defendant in every case of criminal discovery. There are areas where the affidavit of an attorney may be sufficient, provided it contains no equivocation or qualification, pinpoints the precise material being sought, and sets forth sufficient and specific facts to establish the required "plausible justification" for discovery.

We thus examine the affidavit of petitioner's counsel in the light of the real issue presented by the petition and met by the real party in interest, i.e., the application of the principles of criminal discovery enunciated in *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], based upon the showing made in the trial court.

■ A defendant's right to a fair trial and the preparation of an effective and intelligent defense entitles him to pretrial discovery of all relevant and reasonably accessible information. This right of discovery is not absolute and the value to the accused should be balanced against other legitimate governmental interests. (*Pitchess v. Superior Court, supra*, 11 Cal.3d at pp. 535, 538-539.) There are additional considerations in applying these principles. The request for discovery must describe the information with reasonable specificity and present a plausible justification or good cause for production of the items requested. (*Hill v. Superior Court* (1974) 10 Cal.3d 812 [112 Cal.Rptr. 257, 518 P.2d 1353]; *Joe Z. v. Superior Court* (1970) 3 Cal.3d 797 [91 Cal.Rptr. 594, 478 P.2d 26]; see also, Evid. Code, § 1043, subd.

(b)(3).) The information requested should be such that it could not reasonably be obtained through the defendant's own efforts. (*Pitchess* v. *Superior Court, supra*, at p. 537.) Although the defendant need not demonstrate that the evidence he seeks would be admissible at trial, he must make a showing that the requested information will facilitate ascertainment of the facts and a fair trial. (*Pitchess* v. *Superior Court, supra*, at p. 536.) The cause for discovery must be other than a mere desire for the benefit of all information in the possession of the People. (*Pitchess* v. *Superior Court, supra*, p. 537; *Lemelle* v. *Superior Court, supra*, 77 Cal.App.3d at pp. 163-164.)

▮ The justification advanced for the requested information in this case is that it may lead to evidence upon which the credibility of the arresting officers may be attacked and that their past conduct in acting illegally on prior occasions will demonstrate that they acted illegally when they arrested petitioner. The trial judge had the responsibility of determining the plausibility of this justification based upon the showing made and weighing that determination against the governmental interests involved.

The attempt to use past specific acts of misconduct to attack credibility would run afoul of Evidence Code sections 787 and 1101, subdivision (a), and would not establish good cause for discovery. If the information is being sought to establish scheme or plan, motive or intent (Evid. Code, § 1101, subd. (b)) or habit or custom (Evid. Code, § 1105), there is a total lack of foundational facts to establish a plausible justification or good cause. The record does not even contain a factual presentation under oath of the circumstances under which the petitioner was accosted and arrested. There is a reference to a difference between defense and prosecution versions of what transpired based upon the preliminary transcript, but that transcript is not made available, and more significantly there is no setting forth of the evidentiary dispute and in what manner it relates to the objects of discovery. There is a reference to a previous stop, arrest and search of the petitioner without proper cause, but that is all. No facts are set forth to demonstrate the relationship between this past incident and the instant one. There is no reference factually to any past specific conduct of the officers with regard to third persons. There is a reference to bail reduction because the magistrate determined ultimately that the circumstances finally presented to him varied from those originally presented, but for all that appears from the record the difference in circumstances may

have been due to mistake or misunderstanding. There is a reference in the points and authorities to the preliminary transcript where the People's witnesses testified that "at the time the Petitioner was stopped, a brief case was discovered sitting ajar on the back seat of the Petitioner's vehicle, and revealing bags of heroin." It is claimed that this circumstance is inherently incredible, but to allow discovery on this basis would be tantamount to allowing an intrusion into police files and records in every narcotic case involving a search and seizure.

*Pitchess* is not authority for this. In *Pitchess*, the defendant was charged with battery against several deputy sheriffs. He served a subpoena duces tecum on the sheriff for production of certain records. He asserted that he intended to rely on a defense of self-defense. An affidavit in support of the subpoena duces tecum named two persons who had previously filed complaints against the deputies in question but who were unavailable for interview. Also named were two other persons who had reported misconduct of the deputies to the sheriff but who could not presently recall the details of the events. In each instance then a specific need for the subpoenaed records was demonstrated and, as the court in *Pitchess* stated, the documents which defendant sought were described with sufficient specificity to preclude the possibility of a "fishing expedition." The court refused to quash the subpoena duces tecum.

The inapplicability of the holding in *Pitchess* to the instant case is demonstrated in two respects: (1) foundational facts to establish a plausible justification and good cause were presented there; (2) a clear application of principles of evidence was present. It is well established that evidence of past assaultive behavior is admissible in battery cases as pertaining to a fact in issue. (Evid. Code, § 1103.) Moreover, the defendant who indicates that his own conduct was in self-defense against excessive force used by the police is impliedly conceding his own use of force. The circumstances and showing presented here do not comport in any way with those in *Pitchess*.

Neither is the case of *People v. Mascarenas* (1971) 21 Cal.App.3d 660 [98 Cal.Rptr. 728], authority for the allowance of discovery. In *Mascarenas*, which involved a trial rather than discovery, the offer of proof which was rejected by the trial court, laid a specific factual foundation to establish that there was past specific conduct to establish a plan to fabricate. It was on this basis that the ruling was held to be error. In contrast, the affidavit here is general and conclusionary and

contains such a superficial presentation that it is suspect as a "fishing expedition." This is clearly what troubled the trial court. The Supreme Court has declared that the motion to discover is addressed to the sound discretion of the trial court (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 535), and we conclude that no abuse of discretion has been established. It was within the discretion of the trial court to determine that the showing made by the petitioner did not establish plausible justification or good cause for discovery of the sheriff's files and personnel records.

The alternative writ of mandate is discharged and the peremptory writ of mandate is denied.

Lillie, Acting P. J., and Hanson, J., concurred.

A petition for a rehearing was denied February 13, 1980, and petitioner's application for a hearing by the Supreme Court was denied March 20, 1980. Mosk, J., was of the opinion that the application should be granted.