[Civ. No. 7590. Fifth Dist. Mar. 27, 1984.]

CITY OF MERCED, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

**COUNSEL**

Steven F. Nord, City Attorney, for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, and Geoffrey L. Graybill, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**HAMLIN, J.—**

### THE CASE

By its petition for writ of mandamus and its complaint for declaratory judgment plaintiff sought to compel payment of its claim against the State of California (the State) for costs of business goodwill it incurred in an eminent domain proceeding as a result of the enactment of chapter 1275, Statutes of 1975. Specifically, plaintiff asked the court to order the State Controller to pay plaintiff $71,350, plus interest, from a "State budget line item he deems appropriate" or, alternatively, to direct the State Controller to pay the amount from a line item the court deems appropriate. The trial court concluded that the State was liable to plaintiff for payment of business goodwill, but that the court could not order subvention from state funds. It therefore entered judgment denying the peremptory writ of mandamus. Plaintiff filed a timely notice of appeal.

On appeal, defendants argue for the first time, as we believe they may, that plaintiff's payment for business goodwill in a condemnation proceeding it elected to pursue does not constitute a state-mandated cost. We agree and find it unnecessary to discuss the other contentions of the parties.

### THE FACTS

We include only a brief statement of the undisputed facts which are essential to resolution of the pivotal legal issue involved, i.e., whether plaintiff's payment for business goodwill in the proceeding it initiated to condemn property for its use is a state-mandated cost.

On April 8, 1980, the Merced County Superior Court entered a final order of condemnation in the case entitled City of Merced v. Rodney Barbour and Thomas L. Barbour. This order required plaintiff to pay, along with other sums, $71,350 allocated to loss of goodwill pursuant to the provisions of Code of Civil Procedure section 1263.510. Plaintiff applied to the State for reimbursement of that amount under the provisions of Revenue and Taxation Code section 2201 et seq. Plaintiff's application for reimbursement was directed to the State Board of Control. That board approved plaintiff's claim. It was included, along with other similar claims, as a line item in chapter 1090, Statutes of 1981. The Legislature deleted from chapter 1090 all claims seeking reimbursement for business goodwill under chapter 1275, Statutes of 1975 (1275 claims). Additionally, the Legislature included in chapter 1090, as amended, a direction that the Board of Control not accept, or submit to the Legislature, any more 1275 claims.

After plaintiff received notice of the above-mentioned action of the Legislature, it initiated this case.

### DISCUSSION

I. *The State may assert a new legal theory on appeal.*

■ Defendants admitted in their answer to the petition for writ of mandamus that chapter 1275, Statutes of 1975, mandated a new program or increased level of service under provisions of the Revenue and Taxation Code. At the hearing on the petition, defendants stipulated to the same effect and added that plaintiff had not requested that mandate. For the first time on appeal, defendants argue that in governmental-entity-initiated eminent domain proceedings payment for business goodwill pursuant to the requirements of chapter 1275, Statutes of 1975, is not a state-mandated cost subject to reimbursement by the State. Defendants admit this represents a change

in their position but that they mistakenly took a position in the trial court inconsistent with the clear manifestation of the intent of the Legislature.

To support their position that defendants may argue on appeal at variance with their answer and admission in the trial court, defendants rely on *Barton v. Owen* (1977) 71 Cal.App.3d 484 [139 Cal.Rptr. 494]. There the plaintiff sought medical treatment from defendant for acute sinusitis. After a series of unsuccessful treatments, plaintiff developed a brain abscess which resulted in a prefrontal lobotomy. The plaintiff tried the case on the theory that the physician was negligent in not taking a culture and sensitivity test as part of his diagnosis. He did not prevail. On appeal, plaintiff argued the trial court erred in instructing the jury on contributory negligence. Additionally, plaintiff stated a new theory that failure to take the culture and sensitivity test was negligence as a matter of law. The court allowed the new legal theory on appeal.

Plaintiff points to 3 Witkin, California Procedure (2d ed. 1971) Pleadings, sections 342-344, pages 2009-2011, for the general rule that an admission of fact may not be argued differently on appeal. We agree, but that is not what defendants seek to do. Here, the question of whether a cost is state-mandated is purely a question of law. This court is not limited by the interpretation of statutes by the trial court. (See *In re Davis* (1978) 87 Cal.App.3d 919, 921 [151 Cal.Rptr. 29]; *Barton v. Owen, supra,* 71 Cal.App.3d at p. 491.) Thus defendants may argue their new legal theory on appeal.

II. *Payment of goodwill is not a state-mandated cost.*

■ By this appeal, plaintiff seeks to compel reimbursement of its payment for business goodwill in a proceeding to acquire property under its power of eminent domain. Plaintiff can succeed only if the payment for which it seeks reimbursement was a state-mandated cost. Our decision on this issue turns upon the meaning of various statutory provisions. ■ In examining the relevant statutes we apply the basic rules of statutory construction stated by the court in *Marin Hospital Dist. v. Rothman* (1983) 139 Cal.App.3d 495, 498-499 [188 Cal.Rptr. 828]. "The meaning of a statute must, in the first instance, be sought in the language in which it is framed, and if that is plain the sole judicial function is to enforce it according to its terms [citation]; where the language is clear there is no room for interpretation [citation]. And courts will not determine the *wisdom,* desirability, or propriety of statutes enacted by the Legislature. [Citation.]

" 'Moreover, "every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and

have effect.'' (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 . . . .) We inquire further into 'the whole system of law of which [Government Code section 26912] is a part.' " (Italics in original.)

Also applicable in this case is the rule that administrative interpretations of statutes should be accorded great respect and followed if not clearly erroneous. (*Noroian* v. *Department of Administration* (1970) 11 Cal.App.3d 651, 655 [89 Cal.Rptr. 889].) We also rely on extrinsic aids such as the history of relevant statutes, committee reports, and the legislative debates. (*Ibid.*)

■ Revenue and Taxation Code section 2231, subdivision (a), includes a direction that: "The state shall reimburse each local agency for all 'costs mandated by the state', as defined in Section 2207. . . ." Section 2207, in turn, provides in pertinent part: " 'Costs mandated by the state' means any increased costs which a local agency is required to incur as a result of the following: [¶] (a) Any law enacted after January 1, 1973, which mandates a new program or an increased level of service of an existing program; . . ."

Chapter 1275, Statutes of 1975 (Code Civ. Proc., § 1230.010 et seq.) revised and recodified the eminent domain laws of this state. The revisions included a new requirement that, upon proof of satisfaction of four stated conditions, the owner of a business conducted on the condemned property is entitled to compensation for loss of goodwill (Code Civ. Proc., § 1263.510).[1]

The costs for which plaintiff seeks reimbursement in this proceeding were incurred by reason of this newly imposed obligation to compensate for loss of business goodwill.[2] This squarely presents the issue which we conclude

---

[1]Code of Civil Procedure section 1263.510 provides: "(a) The owner of a business conducted on the property taken, or on the remainder if such property is part of a larger parcel, shall be compensated for loss of goodwill if the owner proves all of the following:

"(1) The loss is caused by the taking of the property or the injury to the remainder.

"(2) The loss cannot reasonably be prevented by a relocation of the business or by taking steps and adopting procedures that a reasonably prudent person would take and adopt in preserving the goodwill.

"(3) Compensation for the loss will not be included in payments under Section 7262 of the Government Code.

"(4) Compensation for the loss will not be duplicated in the compensation otherwise awarded to the owner.

"(b) Within the meaning of this article, 'goodwill' consists of the benefits that accrue to a business as a result of its location, reputation for dependability, skill or quality, and any other circumstances resulting in probable retention of old or acquisition of new patronage."

[2]Until enactment of chapter 1275, Statutes of 1975, goodwill was not compensable in eminent domain proceedings. (See 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 586, p. 3882.)

is dispositive of plaintiff's appeal, i.e., is the increased cost so incurred as a result of enactment of chapter 1275, Statutes of 1975, a cost which plaintiff was *required* or *mandated* to incur?

In support of the statutory construction it urges, plaintiff points to the Board of Control's decision in March 1981 that 1275 claims were for reimbursement of state-mandated costs. ■ Plaintiff correctly notes that such a finding by a state agency is accorded great weight unless shown to be clearly erroneous. (*Noroian* v. *Department of Administration, supra,* 11 Cal.App.3d at p. 655.)

■ Defendants counter that the Legislature declared its intent that 1275 claims not be considered state-mandated by rejecting the line item of the budget providing funds for payment of 1275 claims and by directing that the Board of Control not approve or submit to the Legislature any more 1275 claims. (Stats. 1981, ch. 1090.) Defendants rely on *Tyler* v. *State of California* (1982) 134 Cal.App.3d 973, 977 [162 Cal.Rptr. 82], to support their position that, where a statute is unclear, a later expression of the Legislature bearing upon the intent of the prior statute may be properly considered in determining the effect and meaning of the prior statute.

More significantly, defendants argue that the Legislature made clear the discretionary nature of acquisition of property by eminent domain by passage of Code of Civil Procedure section 1230.030. Section 1230.030 was included within chapter 1275, Statutes of 1975, the same legislation that changed the law of eminent domain to require compensation for business goodwill. Section 1230.030 provides: "Nothing in this title requires that the power of eminent domain be exercised to acquire property necessary for public use. Whether property necessary for public use is to be acquired by purchase or other means or by eminent domain is a decision left to the discretion of the person authorized to acquire the property."

We agree that the Legislature intended for payment of goodwill to be discretionary. The above authorities reveal that whether a city or county decides to exercise eminent domain is, essentially, an option of the city or county, rather than a mandate of the state. The fundamental concept is that the city or county is not required to exercise eminent domain. If, however, the power of eminent domain is exercised, then the city will be required to pay for loss of goodwill. Thus, payment for loss of goodwill is not a state-mandated cost.

This construction is confirmed by subsequent legislative actions, including the enactment of Senate Bill No. 90 (Russell), 1979-1980 Regular Session.

Among other things, that bill (Sen. Bill No. 90) added Revenue and Taxation Code section 2207, subdivision (h):

" 'Costs mandated by the state' means any increased costs which a local agency is required to incur as the result of the following:

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(h) Any statute enacted after January 1, 1973, or executive order issued after January 1, 1973, which adds new requirements to an existing optional program or service and thereby increases the cost of such program or service if the local agencies have no reasonable alternatives other than to continue the optional program."

Senate Bill No. 90 became effective on July 1, 1981, after plaintiff incurred the cost of business goodwill for which it seeks reimbursement. Subdivision (h) appears to have been included in the bill to provide for reimbursement of increased costs in an optional program such as eminent domain when the local agency has no reasonable alternative to eminent domain. The legislative history of Senate Bill No. 90 supports the conclusion that subdivision (h) was added to Revenue and Taxation Code section 2207 to extend state liability rather than to clarify existing law. The Report of the Assembly Revenue and Taxation Committee (June 9, 1980) includes a statement: "*SB 90* further defines 'mandated costs' in Sections 4 and 5 to include the following:

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"e. Where a statute or executive order adds *new requirements to an existing optional program,* which increases costs if the local agency has no reasonable alternative than to continue that optional program." (Rep., p. 1, italics in original.)

Additionally, the Ways and Means Committee's Staff Analysis (Aug. 4, 1980) notes that Senate Bill No. 90: "Expands the definition of *local* reimbursable costs mandated and paid by the state to include:

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"e. Statutes or executive orders adding *new requirements to an existing optional program,* which increases costs if the local agency has no reasonable alternative than to continue that optional program." (P. 2, italics in original.)

Both reports quoted above characterize Senate Bill No. 90 as expanding the definition of local reimbursable costs. The Legislative Analyst's Report of July 30, 1980, on Senate Bill No. 90 similarly includes a statement that the bill expands the definition of state-mandated costs. Such characterizations of the purpose of Senate Bill No. 90 are consistent only with the conclusion that, until that bill was enacted, increased costs incurred in an optional program such as eminent domain were not state mandated. Thus the cost of business goodwill for which plaintiff was required by chapter 1275, Statutes of 1975, to pay in April 1980, was not a state-mandated cost. It follows that the trial court properly denied the petition for a writ of mandamus to compel payment of that cost. Our conclusion on this pivotal issue makes it unnecessary to consider plaintiff's contentions that article XIII B of the California Constitution requires the State to provide a subvention of funds to reimburse state-mandated costs, that there are appropriated funds available to pay plaintiff's claim, and that a peremptory writ of mandate is the appropriate remedy in this case.

The judgment is affirmed.

Franson, Acting P. J., and Zenovich, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 24, 1984.