[No. A025053. First Dist., Div. One. Mar. 20, 1986.]

PAUL THIEBAUT et al., Cross-complainants and Appellants, v.
BLUE CROSS OF INDIANA et al., Cross-defendants and Respondents.

**COUNSEL**

Collins, Amadeo & Knapp and Craig Harris Collins for Cross-complainants and Appellants.

Munger, Tolles & Rickershauser, Munger, Tolles & Olson, Alan D. Bersin, Nancy Y. Bekavac and Richard W. Bane for Cross-defendants and Respondents.

**OPINION**

**ELKINGTON, J.**—In the above-entitled action, cross-complainants Paul Thiebaut and Starr Thiebaut appeal from an order in favor of cross-defendants Blue Cross of Indiana and Blue Shield of Indiana, quashing service of summons on, and dismissing, their cross-complaint.

The issue is whether under Code of Civil Procedure section 410.10, providing—"A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States"—the superior court had obtained jurisdiction over Blue Cross and Blue Shield, Indiana corporations.

The apposite law is stated by *Hunt* v. *Erie Ins. Group* (9th Cir. 1984) 728 F.2d 1244, 1246-1247, as follows:

 "*International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), establishes that for personal jurisdiction to lie, 'due process requires . . . a defendant . . . [to] have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."' Minimum contacts may give rise to 'general' or 'limited' personal jurisdiction. *General jurisdiction* [our italics] arises when a nonresident defendant's activities in the forum are so substantial and continuous that due process does

not require a connection between the cause of action pleaded and the nature of the defendant's activities in the state. . . .

■ "The test for *limited jurisdiction* [our italics], however, does not sweep so broadly, nor does it focus on what the *defendant* has *failed* to do within a state. We have set forth the requirements of limited in personam jurisdiction as follows: (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he *purposefully* [our italics] avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable."

The evidentiary showing of the parties in the superior court was by declarations under penalty of perjury.

■ We first consider the evidence as it bore upon the *"general jurisdiction"* of California's courts.

The declaration of the Indiana corporations declared: "Blue Cross and Blue Shield of Indiana are both Indiana mutual insurance corporations, each incorporated under the Indiana Insurance Law . . . who operate jointly pursuant to a written contract and who maintain their principal place of business at 120 West Market Street, Indianapolis, Indiana. . . . [¶] Blue Cross and Blue Shield of Indiana are neither authorized nor licensed to transact any business in the State of California and do not in fact transact any business in the State of California. As a matter of corporate policy, Blue Cross and Blue Shield of Indiana have never solicited to sell and have never sold insurance policies in the State of California. Neither Blue Cross nor Blue Shield of Indiana maintain any office mailing address, agent for service of process, telephone, employees, sales representatives, nor any officer or director in the State of California. Neither Blue Cross nor Blue Shield of Indiana maintain any bank account, nor own any property (real or personal) in the State of California. Neither Blue Cross nor Blue Shield of Indiana is now registered nor has either ever sought registration from the California Commissioner of Insurance. Neither Blue Cross nor Blue Shield of Indiana now pay nor have they ever paid taxes in the State of California. [¶] As a matter of corporate policy, Blue Cross and Blue Shield of Indiana enter into insurance contracts with Indiana employers and with individuals who are residents of Indiana. Neither Blue Cross nor Blue Shield of Indiana maintain any offices outside the State of Indiana, nor is either registered to do business in any state other than Indiana."

On the same issue of *"general jurisdiction,"* the declaration of the appealing cross-complainant's attorney stated only that: *"I have information and believe* that Blue Cross of Indiana has moved to dismiss for lack of jurisdiction in California in at least several difference [*sic.*] cases, indicating thereby that they do in fact have frequent contacts with California other than in the instant case, and in fact have been brought to court in at least several times by California residents." (Our italics.)

■ "An affidavit based on 'information and belief' is hearsay and must be disregarded . . ., and it is 'unavailing for any purpose' whatever. . . . A ruling 'of the court is to be based upon facts which may be presented to it, and not upon the belief of the affiant.' . . . Such allegations on 'information and belief' furnish ' "no proof of the facts stated. . . ." ' " (*Star Motor Imports, Inc.* v. *Superior Court* (1979) 88 Cal.App.3d 201, 204 [151 Cal.Rptr. 721]; and see authority there collected.)

■ Manifestly the trial court's ruling that California's courts had *no* "general jurisdiction" over the Indiana corporations was established by substantial evidence.

■ We advert now to the evidentiary proof in respect of the *"limited jurisdiction"* of California's courts over the Indiana corporations.

Concerning this issue, cross-complainants' attorney's declaration states: "The attached correspondence is incorporated herein by reference as Exhibit 'A.' These letters represent my early correspondence with Blue Cross and describe and detail the relationship between the Thiebaut's and Blue Cross and Blue Cross' contacts with California."

Attached to the declaration are 10 pages of single spaced, closely typed, copies of letters, the meaning of which is difficult to ascertain. And there is scant record reference, as required by rule 15(a), California Rules of Court. All of the letters were written *after* the parties had assumed adversary postures, and litigation was threatened. And none of them remotely suggests that the Indiana corporations had *"purposefully* [our italics] availed [themselves] of the privilege of conducting activities in the forum [i.e., California], thus invoking the benefits and protections of its laws." (See *Hunt* v. *Erie Ins. Group, supra,* 728 F.2d 1244, 1247.)

There was thus also, substantial evidence supportive of the superior court's conclusion that California had *no* "limited jurisdiction" over the cross-defendant Indiana corporation.

The order quashing service of summons and dismissing the cross-complaint is affirmed.

Racanelli, P. J., and Holmdahl, J., concurred.

A petition for a rehearing was denied April 17, 1986, and appellants' petition for review by the Supreme Court was denied July 9, 1986.