[No. H002643. Sixth Dist., Mar. 17, 1987.]

CITY OF SANTA CRUZ, Petitioner, v.
THE SUPERIOR COURT OF SANTA CRUZ COUNTY, Respondent;
GEORGE RUSH, Real Party in Interest.

**COUNSEL**

Atchison & Anderson and Gerald D. Bowden for Petitioner.

No appearance for Respondent.

Biggam, Christensen & Minsloff, John M. Gallagher and Ben Rice for Real Party in Interest.

OPINION

BRAUER, J.—The City of Santa Cruz seeks a peremptory writ of mandate to compel the superior court to vacate its pretrial criminal discovery order directing city to provide internal police records, some statutorily privileged, for an in camera inspection. Because the defendant makes no adequate showing that such material may be relevant for use in his defense to a pending charge of Penal Code section 245, subdivision (b) (assault on a peace officer with a weapon), he is not entitled to discovery of confidential material, and the writ shall issue.

FACTS

Defendant, George Rush, is charged with Penal Code section 245, subdivision (b), assault on a peace officer with a weapon. He made a pretrial discovery motion supported by his attorney's declaration, on information and belief, that the information sought was discoverable because the arresting officers, Gangloff and Sepulveda of the Santa Cruz Police Department, used excessive, unreasonable and unnecessary force to arrest Rush. The attorney's declaration continues by summarizing the police reports: According to Officer Gangloff, Rush was fighting when Gangloff intervened and separated the combatants. Rush attacked Gangloff with a beer bottle, striking the officer. The officer was able to deliver a baton blow to Rush's head. Rush continued to fight with Gangloff until subdued and arrested.

According to Officer Sepulveda's report, when he arrived at the scene Officer Gangloff and Rush were already fighting. Sepulveda joined with Gangloff in a fist fight with Rush which lasted two minutes until the officers were able to subdue Rush.

The defendant's proposed order sought to inspect the following records in the custody of the City of Santa Cruz: (1) Personnel records of Officers Gangloff and Sepulveda showing citizen or other complaints alleging use of unnecessary force, illegal arrest, or similar improper or violent police conduct; (2) Names, addresses and telephone numbers of complainants; (3) Names, addresses and telephone numbers of witnesses interviewed during investigation of such complaints; (4) Complainants' statements from

complaint incidents; (5) Witness statements from complaint incidents; (6) Investigative reports resulting from such incidents; (7) "All test records, reports and statements, including but not limited to letters, reports, and oral conversations of psychiatrists, psychologists, and fellow officers pertaining to Officers Gangloff and Sepulveda and his engaging in or his propensity to engage in ... [violent conduct]."; and (8) Records of disciplinary action against the officers.

Also placed before the trial court were the police reports describing Rush's arrest. Officer Sepulveda's report said he responded to Officer Gangloff's call for emergency assistance. He saw the officer fighting with Rush and went to Gangloff's assistance. It took two minutes of fist fighting to get Rush in a headlock so he could be handcuffed, and after being handcuffed he continued to struggle. He was very angry and had no concern for his own safety. He was bleeding heavily from the head or face, and although he could see both officers were in full uniform he continued to struggle and fight as he was put in the patrol car. The police took him to the hospital for treatment. While there he continued to make insulting remarks about Officer Gangloff.

Officer Gangloff's report said he answered a call regarding music coming from a vehicle. He saw Rush screaming at a young man. Rush took a beer bottle out of his pocket and tried to hit the young man in the head. The two began to fight. Gangloff intervened whereupon Rush came after him with the beer bottle. Gangloff turned to defend himself and hit Rush in the head with his baton. Rush hit the officer on his left shoulder. Then he went to the ground and grabbed the officer's leg, pulling the officer down with him. They fought and after a brief physical altercation both officers took Rush into custody.

The victim of Rush's assault, and a witness bystander, both told Officer Gangloff that Rush had attacked the victim with a beer bottle.

Upon this showing, the trial court ruled Rush was entitled to have the court review in camera the requested records. The court limited the requirement to records of incidents within five years of the arrest. Defendant agreed. The court found Rush's general declaration that he acted in self defense, a declaration made through his attorney, sufficient to justify the inspection. The court eliminated a requirement the city produce complaints alleging racial or ethnic prejudice because the defense declaration did not suggest such prejudice played a part in the incident. Also, the court indicated it would not permit discovery of incidents involving illegal and false arrest, improper tactics, dishonesty, false imprisonment, or illegal search and seizure because only unnecessary force or violence is here involved.

## DISCUSSION

In general, a criminal defendant is entitled to discover information which may reasonably aid him in fashioning his defense. (*People* v. *Memro* (1985) 38 Cal.3d 658 [214 Cal.Rptr. 832, 700 P.2d 446]; *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305].) Where an officer's alleged tendencies to overreact or to behave with unnecessary violence are in issue, information about such tendencies, including complaints against the officer, is specifically discoverable. (*Cadena* v. *Superior Court* (1978) 79 Cal.App.3d 212, 220-221 [146 Cal.Rptr. 390]; *Kelvin L.* v. *Superior Court* (1976) 62 Cal.App.3d 823, 828 [133 Cal.Rptr. 325]; *In re Valerie E.* (1975) 50 Cal.App.3d 213, 218-219 [123 Cal.Rptr. 242, 86 A.L.R.3d 1163].)

But the accused is not automatically entitled to all such information; the key to his right to discovery is a showing that the requested information will facilitate the ascertainment of the facts and contribute to the fairness of his trial (*Pitchess, supra,* 11 Cal.3d 536), where it appears reasonable that such knowledge will be of assistance. (*People* v. *Memro, supra,* 38 Cal.3d 677.) An early decision says the discovery motion must describe the desired information with some degree of specificity and must show plausible justification for the request. (*Ballard* v. *Superior Court* (1966) 64 Cal.2d 159, 167 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416].) Plausible justification has been equated to "a proper and substantial showing by way of detailed affidavit in which defendant commits himself under oath to a particular assertion of fact . . . ." (*People* v. *Navarro* (1978) 84 Cal.App.3d 355, 359 [146 Cal.Rptr. 672].)[1] Requirements of some factual justification have also been articulated in *Lemelle* v. *Superior Court* (1978) 77 Cal.App.3d 148, 162 [143 Cal.Rptr. 450] (denying mandate to compel discovery of police personnel records because defendant's declaration stated no facts pertaining to the incident), and in *Arcelona* v. *Municipal Court* (1980) 113 Cal.App.3d 523, 530 [169 Cal.Rptr. 877], (permitting discovery upon declaration providing "adequate factual details demonstrating the manner in which the requested records pertained to [the attorney's] client's possible defenses" and thus resting on "an adequate factual foundation establishing a plausible justification for discovery"). A decision also holds, with respect to discovery against third parties in general, the defendant must show good cause, i.e., specific facts justifying discovery and showing such discovery is not unreasonable as to the third party. (*Pacific Lighting Leasing Co.* v. *Superior Court* (1976) 60 Cal.App.3d 552 [131 Cal.Rptr. 559].)

---

[1] *Navarro* was questioned in *People* v. *Memro, supra,* 38 Cal.3d 658, 676, footnote 18, only as to its requirement that a personal affidavit of the defendant is required to show plausible justification.

■ Here, the attorney's affidavit supporting the discovery motion is made on information and belief and is therefore fatally defective. Affidavits based on information and belief are hearsay and furnish no proof of the facts stated, hence cannot be the basis of any ruling. (*Lieppman* v. *Lieber* (1986) 180 Cal.App.3d 914, 919 [225 Cal.Rptr. 845]; *Thiebaut* v. *Blue Cross of Indiana* (1986) 178 Cal.App.3d 1157, 1161 [224 Cal.Rptr. 277]; *Burger* v. *Superior Court* (1984) 151 Cal.App.3d 1013, 1019 [199 Cal.Rptr. 227]; *Star Motor Imports, Inc.* v. *Superior Court* (1979) 88 Cal.App.3d 201, 204 [151 Cal.Rptr. 721], and authorities there cited.) (The decision in *Star Motor Imports, supra,* at p. 204, points out the provision of Code Civ. Proc. § 446 permitting verification of a pleading on information and belief has no application to affidavits to be used as evidence of facts, since such affidavits must be positive, direct, nonhearsay evidence.) Although *People* v. *Memro, supra,* 38 Cal.3d 658, does dispense with the requirement the defendant himself make the declaration, and holds the attorney may substitute for the client in this function, nevertheless *Memro* does not change the rules of evidence stated above precluding hearsay evidence as a basis for the finding of facts.

■ Further, much of the information sought here is specifically privileged. In addition to their general privacy rights (Cal. Const., art. I, § 1), officers have specific protection against disclosure of their personnel records (Evid. Code, § 1043) and the records of citizens' complaints against the officers made under Penal Code section 832.5 (Evid. Code, § 1045). Evidence Code section 1043, subdivision (b)(3), permits disclosure of personnel records only upon affidavits showing good cause for the discovery and setting forth materiality to the subject matter of the litigation. Evidence Code section 1045 requires a showing of relevance before production of records of citizens' complaints, and also specifically protects from disclosure, in subdivision (b)(2), the conclusions of any officer investigating a Penal Code section 832.5 complaint. Accordingly, much of the material sought in item (1) of the discovery request, *ante,* is statutorily privileged.

Similarly, material sought in item (7) of that request is protected by the psychotherapist/patient privilege of Evidence Code section 1014. The limited exception to that privilege contained in Evidence Code section 1024, where the psychotherapist has reasonable cause to believe the patient is dangerous to himself or others, has no application here, since no threshold showing exists that anyone, much less a psychotherapist, believes either of these officers to be dangerous. The *Memro* decision, *supra,* discusses the exception contained in section 1024 and notes the statute requires a balancing of the need for the privilege and possible peril to the public in being exposed to a mentally deranged officer. (See *Memro, supra,* 38 Cal.3d at p. 688.) Such balancing cannot take place in a factual vacuum as we have here.

Where discovery is sought despite a privilege, the showing required to justify disclosure must be particularly persuasive. For example, in *Arcelona, supra,* 113 Cal.App.3d 523, the court found the declarations sufficiently specific to permit discovery of citizens' complaints, but not to permit disclosure of psychological test results or performance evaluations.

Here, the complete absence of any specific facts establishing plausible justification for disclosure of the requested information requires reversal of the trial court order providing for in camera review.

The City of Santa Cruz prayed for a peremptory writ of mandate in the first instance. Real party in interest, Rush, was duly served with that request and has filed opposition which we have read and considered. The peremptory writ of mandate will issue in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U. S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-182 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue to the Superior Court of Santa Cruz County directing it to vacate its order granting defendant George Rush's discovery motion and to instead enter a different order denying such motion.

Agliano, P. J., and Capaccioli, J., concurred.

A petition for a rehearing was denied March 30, 1987, and the petition of real party in interest for review by the Supreme Court was denied May 28, 1987. Mosk, J., was of the opinion that the petition should be granted.