[Civ. No. 47231. First Dist., Div. Four. Feb. 15, 1980.]

THE PEOPLE, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE SAN FRANCISCO
JUDICIAL DISTRICT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Defendant and Respondent;
LARRY HAYDEN et al., Real Parties in Interest and Respondents.

[Civ. No. 47328. First Dist., Div. Four. Feb. 15, 1980.]

THE PEOPLE, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE SAN FRANCISCO
JUDICIAL DISTRICT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Defendant and Respondent;
RAYMOND ZERBIB, Real Party in Interest and Respondent.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria DeHart and Kristofer Jorstad, Deputy Attorneys General, for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

Fred M. Rosenberg and J. Farragher Campbell for Real Parties in Interest and Respondents.

Jeff Brown, Public Defender, Peter G. Keane, Chief Deputy Public Defender, Perker L. Meeks, Jr., and Edward H. Davis, Deputy Public Defenders, as Amici Curiae on behalf of Real Parties in Interest and Respondents.

OPINION

CHRISTIAN, J.—In separate cases in the municipal court Hayden and his associates and Zerbib were charged with resisting arrest (Pen. Code, § 148). In both cases evidence was sought by the defense in support of a theory that police misconduct had in some way justified resistance. (See Evid. Code, § 1103, providing for admissibility of character trait evidence in such situations.)

Hayden demanded discovery of any complaints (and their dispositions) against specified officers for "assaultive behavior, excessive force, false arrest, and racial, ethnic or sexual minority slurs."

Zerbib demanded production of police department personnel records of specified officers, reflecting any instances of "their use of force or violence...on or against any person then in [their] custody," any complaints against the officers for use of force or violence, and any record of disciplinary action against the officers "because of their treatment of persons within their custody...."

Both demands were supported only by affidavits of defense counsel, made on information and belief.

The municipal court ordered discovery in both cases, and the People sought review by writ proceedings. The superior court denied relief, and the present appeals followed.

The municipal court acted on the authority of *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], where the Supreme Court held that because criminal discovery was not regulated by statute, "[t]he requisite showing may be satisfied by general allegations which establish some cause for discovery other than 'a mere desire for the benefit of all information which has been obtained by the People in their investigation of the crime.'" (11 Cal.3d at p. 537.) Applying *Pitchess* in the specific context of a demand for discovery of police personnel records to show a claimed propensity of specified police officers to use excessive force, this court has held that in the absence of a claim of official privilege under Evidence Code section 1040, discovery may be compelled by a showing on information and belief if "the official records desired to be examined were identified with reasonable particularity and the pertinence to the defense of the requested information was demonstrated." (*Caldwell* v. *Municipal Court* (1976) 58 Cal.App.3d 377, 380 [129 Cal.Rptr. 834].)

■ The Attorney General contends that these judicially developed rules governing criminal discovery of police personnel records have been altered by legislation which requires 10 days' written notice to the agency having custody of the records. The motion for discovery of personnel records must be supported by "Affidavits showing good cause for the discovery...sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that such governmental agency...has such records ...." (Evid. Code, § 1043, subd. (b)(3).)[1] If the quoted language were considered alone, it might appear to give support to the contention of the People. But part of the same enactment is Evidence Code section 1045, subdivision (a): "Nothing in this article shall be construed to affect the right of access to records of complaints, or investigations of complaints, or discipline imposed as a result of such investigations, concerning an event or transaction in which the peace officer participated, or which he perceived, and pertaining to the manner in which he performed his duties, provided that such information is relevant to the subject matter involved in the pending litigation." The Legislature, inferably acting with knowledge of the *Pitchess-Caldwell* standards, declared that "Nothing in this article shall...affect the right of access to [specific police personnel records]." The construction of section 1043, subdivision (b)(3), proposed by the Attorney General, impliedly conflicts with section 1045, subdivision (a), in that it would very significantly "affect the right of access" by requiring an affidavit on personal knowledge even in a case where the defendant, being the only one able to make such an affidavit, would be compelled to surrender some part of the constitutional protections against self-incrimination. (See *Pitchess* v. *Superior Court, supra,* 11 Cal.3d 531 at p. 537.) It must be concluded that the municipal court in granting discovery, and the superior court in denying the writs, correctly construed the new statute.

The judgments are affirmed.

Caldecott, P. J., and Poché, J., concurred.

A petition for a rehearing was denied March 10, 1980, and appellant's petition for a hearing by the Supreme Court was denied April 10, 1980.

---

[1]Statutes 1978, chapter 630, section 1.