[Civ. No. 60456. Second Dist., Div. Two. Apr. 8, 1981.]

CATARINO CRUZ REYES, Petitioner, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Alfred Pine and Melissa Hill, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Burt Pines, City Attorney, Jack L. Brown and John H. Serrano, Deputy City Attorneys, for Real Party in Interest.

## OPINION

**FLEMING, Acting P. J.**—Mandate. Petitioner Reyes was charged in municipal court under Penal Code section 647, subdivision (b) with soliciting an act of prostitution from Patti May, an undercover police officer. After his first trial ended in a hung jury, he filed two motions for "pretrial" discovery of information his counsel asserted was necessary to adequately prepare an entrapment defense on retrial. His first motion sought, among other items, disclosure of the names and addresses of 14 other persons arrested by the Los Angeles Police Department's "trick" team on the same corner and on the same night petitioner was arrested. His second motion sought, among other items, the names, addresses, and telephone numbers of persons who had filed complaints with the police department alleging that Officer May acted in the manner of a prostitute, solicited acts of prostitution, conducted herself in a manner unbecoming an officer, made false arrests, and fabricated charges. It also sought the names, addresses, and telephone numbers of persons interviewed by the police department during its investigations of complaints against May; copies of all investigative reports made as a result of such complaints; copies of records, reports, and writings in Officer May's personnel file or in the possession of the police department pertaining to her solicitation of prostitution and to conduct unbecoming an officer, including findings, letters, formal reports, and oral conversations by psychiatrists, psychologists, superiors, and fellow officers; and "all findings, reports, opinions, and transcripts of disciplinary actions, or proceedings commenced or taken against Officer May by the [police department] relating to her solicitation for acts of prostitution or conduct unbecoming an officer." In support of these motions petitioner's counsel declared the information would show the trick team's character trait or habit of engaging in entrapment and would enable him to impeach May's testimony.

The municipal court refused to order disclosure of the names of others arrested on the night of petitioner's arrest and refused to order disclosure of complaints against Officer May. It did order production of

statements and tape recordings of petitioner, identities of officers present when the statements and recordings were made, identities of members of the trick team, identities and whereabouts of all percipient witnesses to events leading to petitioner's arrest, and the number of other arrests made by the trick team on the night of petitioner's arrest. Both the superior court and this court denied petitions to require disclosure of further information, but on order of the Supreme Court this court subsequently issued an alternative writ.

I

To generalize on the law of criminal discovery, an accused's motion for discovery must be timely, must describe the information sought with reasonable specificity, and must present a plausible justification for production of the items requested. (*Hill* v. *Superior Court* (1974) 10 Cal.3d 812, 817 [112 Cal.Rptr. 257, 518 P.2d 1353, 95 A.L.R.3d 820]; *Craig* v. *Municipal Court* (1979) 100 Cal.App.3d 69, 72 [161 Cal.Rptr. 19].) Although the accused need not demonstrate the admissibility at trial of all requested items, his showing must be more than speculative and must indicate that the requested information will facilitate ascertainment of the facts and promote a fair trial. (*Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531, 536 [113 Cal.Rptr. 897, 522 P.2d 305]; *People* v. *Municipal Court* (*Bonner*) (1980) 104 Cal.App.3d 685, 690 [163 Cal.Rptr. 822]; *Craig* v. *Municipal Court, supra,* 100 Cal.App.3d, pp. 73, 76.) Disposition of the motion lies within the sound discretion of the trial court, which must balance the value to the accused of the information sought against the legitimate interests of others. (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d at pp. 535, 538; *Craig* v. *Municipal Court, supra,* 100 Cal.App.3d at p. 76.)

II

On the specific showing in this cause, we believe the trial court acted well within its discretion in limiting petitioner's requests for discovery. The court's order gave petitioner all information pertinent to his arrest, including recordings of his own statements, identities of the officers who overheard the statements, incidence of trick-team arrests on the night of his arrest, identities of members of the trick team, and identities and whereabouts of all percipient witnesses to events leading to his arrest. Declarations by counsel in support of petitioner's first motion, discovery of the identities of others arrested the same night, merely speculate that this additional information might help show that

petitioner was entrapped, but they fail to aver what, if any, additional facts relevant to his own arrest petitioner could ascertain if he had the names, addresses, and telephone numbers of other arrestees. Furthermore, the benefit petitioner might derive from disclosure of the identities of other arrestees is at best remote and speculative, and its dubious value to petitioner is outweighed by the legitimate interest in privacy of the third party arrestees, some of whom may never have been charged or convicted. (See *Craig* v. *Municipal Court* (1979) 100 Cal.App.3d 69, 75-79 [161 Cal.Rptr. 19]; *Arcelona* v. *Municipal Court* (1980) 113 Cal.App.3d 523, 531 [169 Cal.Rptr. 877].) Petitioner's second motion, discovery of complaints against May and of internal investigations of her fitness for and performance of duty, is nothing more than a belated fishing expedition, seemingly designed to stall progress of the accusation by injection of irrelevant matter into the cause. (Evid. Code, §§ 787, 1101, subd. (a); *Tyler* v. *Superior Court* (1980) 102 Cal. App.3d 82, 86-87 [162 Cal.Rptr. 82].) Moreover, it seeks impermissible items, for by statute disclosure of complaints, reports, and internal investigations of police officers is limited to information relevant to the subject matter of the pending litigation, and may neither include conclusions of any investigating officer nor facts sufficiently remote to make their disclosure of little practical benefit. (Evid. Code, § 1045, subd. (b); *Arcelona* v. *Municipal Court, supra*, 113 Cal.App.3d 523, 530-531.) We find petitioner's showing for additional disclosure insufficient on both motions.

### III

But going beyond procedural deficiencies and considering the substance of the motions, we find little merit in petitioner's assumption that the additional information sought could corroborate his entrapment defense and produce something of potential probative value. The encounter between petitioner and Officer May involved its own unique set of facts and circumstances, one essentially involving words and gestures exchanged between the two on a street corner. The key issue is who solicited whom. No trait of character is involved (Evid. Code, § 1103); no habit or custom is at issue (Evid. Code, § 1105, and Law Revision Commission com. thereto); no propensity for violence is present. Cases which hold the facts and circumstances of other arrests discoverable because they might support an inference that the arresting officers were emotionally inclined to and had a propensity to resort to excessive force in effecting arrests, and therefore might have done so in the particular

case, an inference which could substantiate the claim of self defense, (see Evid. Code, § 1103; *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]; *People* v. *Matos* (1979) 92 Cal. App.3d 862 [155 Cal.Rptr. 293]; *Cadena* v. *Superior Court* (1978) 79 Cal.App.3d 212 [146 Cal.Rptr. 390]; *Saulter* v. *Municipal Court* (1977) 75 Cal.App.3d 231 [142 Cal.Rptr. 266]; *Kelvin L.* v. *Superior Court* (1976) 62 Cal.App.3d 823 [133 Cal.Rptr. 325]) involve acts of force which assertedly took place in the heat and violence of physical struggle. At bench, encounters and conversations between the arresting police officer and other arrestees, either that same night or on other occasions, are irrelevant to petitioner's entrapment defense, in that it is not feasible to infer from conduct on other occasions that an officer is emotionally inclined to or has a propensity to resort to excessive enticements to provoke solicitations, and therefore did so in this case. Either she solicited petitioner or she did not. What was said and done by the officer and other persons on other occasions has little or no pertinency to the issue here. The narrow question is who invited whom to participate in an act of prostitution. That issue must be resolved by the testimony of the percipient and auditory witnesses. Consequently, evidence of May's statements and conduct on other occasions is inadmissible to prove or disprove her statements and conduct on this occasion. (Evid. Code, §§ 787, 1101, subd. (a).)

Petitioner complains he was deceived, and therefore entrapped. Obviously he was deceived, for if he had known May under her true colors as a police officer he would never have offered her $30 to prostitute herself. ▪ But ruses, stings, and decoys are permissible strategems in the enforcement of criminal law, and they become invalid only when badgering or importuning takes place to an extent and degree that is likely to induce an otherwise law-abiding person to commit a crime. As the court said in *People* v. *Barraza* (1979) 23 Cal.3d 675, 690 [153 Cal.Rptr. 459, 591 P.2d 947]: "Official conduct that does no more than offer that opportunity to the suspect—for example, a decoy program—is therefore permissible; but it is impermissible for the police or their agents to pressure the suspect by overbearing conduct such as badgering, cajoling, importuning, or other affirmative acts likely to induce a normally law-abiding person to commit the crime." In some instances the line between lawful presentation of an opportunity to commit a crime and unlawful entrapment may be difficult to draw, but we have no difficulty drawing the line in favor of law enforcement in this instance.

Petitioner also complains the police had a plan to maximize arrests for solicitation of acts of prostitution, and from this he concludes that evidence of acts and conduct of the police at other times is discoverable (Evid. Code, § 1101, subd. (b)). Patently, the police had a plan to arrest all law violators they could catch, and their eight-member trick team undertook to put their plan into operation. But the mere existence of a plan to make lawful arrests, which every properly conceived police drive to suppress crime must possess, does not amount to a showing of possible illegal entrapment sufficient to justify discovery of other arrests and other conduct. At bench, petitioner uses "plan," "scheme," and "conspiracy" as pejorative terms for concerted police action taken in the public interest to reduce the incidence of solicitation for prostitution in a specific area by arresting and charging those who violate the law. Yet patently, police may act in concert, and their action is not required to be haphazard to remain legal.

In final analysis, petitioner's argument on entrapment is that he solicited May because he was deceived by her looks and acts into thinking she was a prostitute. The implication of his argument is that solicitation of a prostitute is not a crime. Acceptance of such an argument would be a long step toward nullification of the law against solicitation for prostitution, in that an accused could always claim he thought the victim looked and acted like a prostitute. We do not believe petitioner's argument sets out good law. (See *Leffel* v. *Municipal Court* (1976) 54 Cal. App.3d 569 [126 Cal.Rptr. 773].) Rather, we believe all persons on the street and in public places are entitled to protection against solicitation for prostitution, even those whose looks and acts suggest their morals are no better than they should be.

Petitioner's motions for discovery were properly denied. The writ is discharged.

Compton, J., and Beach, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied June 18, 1981. Bird, C. J., Tobriner, J., and Mosk, J., were of the opinion that the application should be granted.