[Civ. No. 23932. Third Dist. May 8, 1984.]

SACRAMENTO CITY POLICE DEPARTMENT, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
JEFF DALE TURNER, Real Party in Interest.

**COUNSEL**

James P. Jackson, City Attorney, and Richard F. Antoine, Deputy City Attorney, for Petitioner.

No appearance for Respondent.

Fallman & Janof and Lawrence S. Janof for Real Party in Interest.

**OPINION**

**PUGLIA, P. J.**—Petitioner Sacramento City Police Department (Department) seeks a writ of prohibition restraining respondent superior court from taking further proceedings or actions to enforce discovery of personnel rec-

ords of two police officers and from imposing sanctions for failure to produce the personnel records. Alternatively, the Department seeks a writ of mandate directing respondent court to vacate proceedings requiring production of the personnel records.

In the underlying criminal action, real party in interest (hereafter defendant) is charged with two counts of burglary (Pen. Code, § 459) and with having been previously convicted of serious felonies (Pen. Code, §§ 667, 1192.7, subd. (c)). On March 26, 1984, defendant filed a motion "for an order to produce for inspection," seeking production of the arresting officers' personnel records. On April 10, 1984, respondent court ordered the personnel records produced on April 20, 1984, for *in camera* inspection.

On April 19, 1984, the Department filed the instant petition seeking relief from respondent court's order of April 10. On April 20, we issued an order staying enforcement of the order requiring submission of the personnel records for *in camera* inspection pending receipt of opposition and further order of this court. On April 24, defendant filed opposition to the petition. We shall issue a peremptory writ of mandate.

■ Preliminarily, we note that the rule disfavoring review of discovery orders by prerogative writ is not applicable to the instant case because the Department asserts that to compel production of the personnel records would violate a privilege. (See *City of San Diego* v. *Superior Court* (1981) 136 Cal.App.3d 236, 238 [186 Cal.Rptr. 112], citing *Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1 [123 Cal.Rptr. 283, 538 P.2d 739].)

■ In general, "an accused's motion for discovery must be timely, must describe the information sought with reasonable specificity, and must present a plausible justification for production of the items requested. [Citations.] Although the accused need not demonstrate the admissibility at trial of all requested items, his showing must be more than speculative and must indicate that the requested information will facilitate ascertainment of the facts and promote a fair trial. [Citations.]" (*Reyes* v. *Municipal Court* (1981) 117 Cal.App.3d 771, 775 [173 Cal.Rptr. 48].)

Discovery of police officer personnel records is governed by Penal Code section 832.7, which provides that "Peace officer personnel records . . . or information obtained from such records, are confidential and shall not be disclosed in any criminal or civil proceedings except by discovery pursuant to Section 1043 of the Evidence Code. . . ." Evidence Code section 1043, subdivision (b), states that any motion seeking disclosure of peace officer personnel files shall include "Affidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject

matter involved in the pending litigation . . . ." Evidence Code section 1045 adds that "In determining relevance the court shall examine the information in chambers," and "shall exclude from disclosure: . . . [¶] Facts sought to be disclosed which are so remote as to make disclosure of little or no practical benefit. . . ."

Courts have required disclosure of police personnel records in battery and resisting arrest cases where the defendant has raised the issue of self-defense. (See, e.g., *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]; *Arcelona* v. *Municipal Court* (1980) 113 Cal.App.3d 523 [169 Cal.Rptr. 877]; *People* v. *Municipal Court (Hayden)* (1980) 102 Cal.App.3d 181 [162 Cal.Rptr. 347].) These cases "hold the facts and circumstances of other arrests discoverable because they might support an inference that the arresting officers were emotionally inclined to and had a propensity to resort to excessive force in effecting arrests, and therefore might have done so in the particular case, an inference which could substantiate the claim of self defense, . . . (*Reyes* v. *Municipal Court, supra,* 117 Cal.App.3d at pp. 776-777.) "Such evidence is unquestionably relevant and admissible under Evidence Code section 1103."[1] (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 537; see also *People* v. *Municipal Court (Hayden), supra,* 102 Cal.App.3d at p. 184.)

However, in the absence of a showing of such plausible justification or good cause for disclosure, defendants have been denied access to police personnel records. (See, e.g., *Reyes* v. *Superior Court, supra,* 117 Cal.App.3d p. 771; *Tyler* v. *Superior Court* (1980) 102 Cal.App.3d 82 [162 Cal.Rptr. 82].)

■ In support of the instant motion for discovery, defendant submitted his affidavit, stating that he was arrested after being subjected to an unprovoked and brutal assault by the arresting officers and a police dog. The officers apparently claim that they discovered defendant in the backyard of a burglarized residence, and that the police dog was used to apprehend defendant after he jumped over a fence in an effort to avoid arrest. Defendant asserts that he was never in the backyard, and that the officers arrested him as a pretext to justify an unprovoked, racially motivated assault.

Defendant contends that an examination of the arresting officers' personnel records may disclose specific instances of unprovoked violence, and that

---

[1]Evidence Code section 1103 provides: "(a) In a criminal action, evidence of the character or a trait of character (in the form of an opinion, evidence of reputation, or evidence of specific instances of conduct) of the victim of the crime for which the defendant is being prosecuted is not made inadmissible by Section 1101 if such evidence is: (1) Offered by the defendant to prove conduct of the victim in conformity with such character or trait of character. . . ."

there thus exists "good cause" for disclosure in that evidence of such prior instances of unprovoked violence is relevant to the issues of flight[2] and the officers' credibility.

However, prior instances of unprovoked violence by the arresting officers is relevant to the issue of flight only insofar as the incidents could be used to impeach the officers' claim that defendant attempted to flee. Thus, the relevance of the personnel records is limited to the issue of the arresting officers' credibility, and it has been held that any "attempt to use past specific acts of misconduct to attack credibility would run afoul of Evidence Code section 787[3] and 1101, subdivision (a),[4] and would not establish good cause for discovery." *(Tyler* v. *Superior Court, supra,* 102 Cal.App.3d at p. 88. See also *People* v. *Thompson* (1979) 98 Cal.App.3d 467, 475-476 [159 Cal.Rptr. 615].)

Consequently, any evidence adduced from the officers' personnel records would be inadmissible at trial. Defendant does not proffer and we cannot perceive any means by which disclosure of the personnel records could lead to relevant, admissible evidence, or otherwise assist defendant in his defense of the underlying charges. Since defendant has failed to demonstrate the materiality of the arresting officers' personnel records to the underlying criminal action, and how disclosure of those records would facilitate ascertainment of the facts and promote a fair trial, respondent court should not have required disclosure of the records.

■ The instant petition has been served on respondent court and defendant and the latter has filed opposition to the petition. Under these circumstances, this court is empowered to issue a peremptory writ of mandate without first issuing an alternative writ.[5] (Code Civ. Proc., § 1088; *Central*

---

[2]Presumably, the People have indicated an intent to present evidence of defendant's flight as probative of consciousness of guilt. (See *People* v. *Hill* (1967) 67 Cal.2d 105, 120 [60 Cal.Rptr. 234, 429 P.2d 586]; *People* v. *Burres* (1980) 101 Cal.App.3d 341, 355 [161 Cal.Rptr. 593]; *People* v. *Vasquez* (1979) 94 Cal.App.3d 42, 45 [156 Cal.Rptr. 235].)

[3]Evidence Code section 787 provides: "Subject to Section 788 [dealing with felony convictions], evidence of specific instances of his conduct relevant only as tending to prove a trait of his character is inadmissible to attack or support the credibility of a witness."

[4]Evidence Code section 1101, subdivision (a), provides: "Except as provided in this section and in Sections 1102 and 1103, evidence of a person's character or a trait of his character (whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his conduct) is inadmissible when offered to prove his conduct on a specified occasion." The provisions of sections 1102 and 1103 are not applicable to the circumstances of the instant case.

[5]The writ to be issued does not exactly conform to the prayer of the petition; however, this court is not limited by the prayer, and may grant the relief it deems appropriate. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 183, p. 3942, "the cases uniformly follow the modern principle of pleading that neither mislabeling [of the petition] nor a defective prayer will bar relief justified by proper allegations and proof.")

& *West Basin Water etc. Dist.* v. *Wong* (1976) 55 Cal.App.3d 191, 196 [127 Cal.Rptr. 448]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order requiring submission of the arresting officers' personnel records for *in camera* inspection, and to enter an order denying defendant's motion for an order to produce for inspection. Pending finality of this opinion, the stay previously issued will remain in effect.

Evans, J., and Carr, J., concurred.