[No. A027051. First Dist., Div. Four. Sept. 11, 1984.]

PIERRE C., a Minor, etc., Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Flynn H. Bradley and Pamela Y. Price for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Thomas A. Brady and Matthew P. Boyle, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**POCHÉ, Acting P. J.**—Petitioner Pierre C. seeks a writ of mandate to compel respondent superior court to hold an *in camera* hearing to determine whether certain police personnel files are discoverable. We conclude that petitioner made a sufficient showing under Evidence Code section 1043[1] and therefore we grant the requested relief.

---

[1]Unless otherwise indicated, all further statutory references are to the Evidence Code.

## Facts

Proceedings to establish that petitioner, a minor, came within the provisions of Welfare and Institutions Code section 602 were commenced on the basis of a petition alleging that he had possessed marijuana for sale (Health & Saf. Code, § 11359) and had sold marijuana (Health & Saf. Code, § 11360, subd. (a)). He thereafter moved for production of citizen complaints against the arresting officers "for racial prejudice, false arrest, illegal search and seizure, the fabrication of charges and/or evidence, dishonesty and improper tactics no matter how catalogued by that police department, such as conduct unbecoming an officer, neglect of duty, false arrest and miscellaneous."

The affidavit filed in support of the motion to compel discovery was made on information and belief by petitioner's counsel, an attorney for the Bayview Hunter's Point Community Defender's Office.

Respondent court denied the discovery motion finding that insufficient facts had been presented to justify an *in camera* hearing.

## Review

Police officer personnel records are discoverable pursuant to section 1043. (Pen. Code, § 832.7.) That section requires the moving party to submit "[a]ffidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that such governmental agency identified has such records or information from such records." (§ 1043, subd. (b)(3).) Section 1045 makes explicit that the information sought must be "relevant to the subject matter involved in the pending litigation" (*id.*, subd. (a)), that in determining relevance "the court shall examine the information in chambers" (*id.*, subd. (b)), and that the court must exclude from disclosure facts "which are so remote as to make disclosure of little or no practical benefit." (*Id.*, subd. (b)(3).)

■ Real party in interest argues in effect that petitioner has not shown that the evidence sought to be discovered would be admissible at trial and thus has not satisfied the threshold requirements of section 1043. (See *Sacramento City Police Dept.* v. *Superior Court* (1984) 156 Cal.App.3d 1193, 1197 [203 Cal.Rptr. 169]; *Reyes* v. *Municipal Court* (1981) 117 Cal.App.3d 771, 776 [173 Cal.Rptr. 48]; *Tyler* v. *Superior Court* (1980) 102 Cal.App.3d 82, 88 [162 Cal.Rptr. 82].) Section 1043 has no such precondition. Quite to the contrary, the Legislature has determined that the moving party must show only that the personnel records are *material* to the subject

matter in the pending litigation. As a matter of law that showing was made in the affidavit of petitioner's attorney which accompanied the motion papers. Therein she alleged that petitioner would proffer a defense of false arrest; it alleged on information and belief[2] that the officers in question had previously engaged in similar conduct; and it alleged that "a material and substantial issue in the trial" would be the character, habits, customs and credibility of the officers. Since petitioner crossed the section 1043 threshold with his motion papers (accord *Arcelona* v. *Municipal Court, supra,* 113 Cal.App.3d 523, 530), respondent court was required to hold an *in camera* hearing to review the records and to determine if they are relevant to the subject matter involved. (§ 1045, subds. (a) and (b).)

Let a peremptory writ of mandate issue compelling respondent superior court to vacate its order denying petitioner's request for discovery of the arresting officers' personnel records, and to proceed to hold an *in camera* hearing on their relevancy to the subject matter involved pursuant to section 1045.

Panelli, J., and Travis, J.,* concurred.

A petition for a rehearing was denied October 5, 1984, and the petition of real party in interest for a hearing by the Supreme Court was denied December 13, 1984.

---

[2]As we have held, the allegations may be based on information and belief. (*People* v. *Municipal Court (Hayden)* (1980) 102 Cal.App.3d 181, 184-185 [162 Cal.Rptr. 347]; accord *Arcelona* v. *Municipal Court* (1980) 113 Cal.App.3d 523, 531 [169 Cal.Rptr. 877].)

*Assigned by the Chairperson of the Judicial Council.