[No. B025947. Second Dist., Div. Four. Aug. 14, 1987.]

LARRY E., a Minor, etc., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
CITY OF LONG BEACH et al., Real Parties in Interest.

COUNSEL

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Theodore Fasteau, Alan H. Simon, Lee Ellis Rosen, Susan L. Burrell and Albert J. Menaster, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

John R. Calhoun, City Attorney, and Bradford L. Andrews, Deputy City Attorney, for Real Parties in Interest.

## OPINION

**WOODS, P. J.**—This is a proceeding in mandamus to compel *Pitchess* discovery[1] in a pending juvenile court matter (Welf. & Inst. Code, § 602) in which petitioner (minor) is charged, inter alia, with interfering with police officers in the discharge of their duties and battery upon a police officer.

On November 15, 1986, at about 10:30 p.m., Long Beach Officers Loomis and Harris were on patrol in the Carmelita Housing Project. The officers saw minor standing in a parking lot, next to the passenger side of a car occupied by two people. Believing a narcotics transaction was taking place, the officers pulled into the parking lot at a high rate of speed. Minor allegedly ran and continued running even after the officers yelled at him to stop. Ultimately, he ran to a second parking lot where he crouched down between two cars. Officer Loomis drove toward minor in the car, while Officer Harris pursued him on foot. While in pursuit, Harris allegedly saw minor remove a clear plastic bag containing a white substance from his pocket and toss it into a trash bin. Harris caught up with minor about 10 feet from the bin.

By the time Loomis arrived minor was on his back on the ground. Loomis saw minor kick Officer Harris in the knees at which point the two officers "converged upon" minor. Believing that minor was about to kick Harris in the groin, Loomis kicked minor in the chest. Eventually, minor was handcuffed. The officers recovered the plastic bag from the trash bin as well as currency which minor allegedly threw beneath a parked car during the scuffle. Minor was taken to the police station. A laboratory analysis established that the substance in the plastic bag was 2.24 grams of cocaine.

On December 15, 1986, a juvenile court petition was filed in which it was alleged that minor came within the provisions of Welfare and Institutions Code section 602. Count I alleged a violation of section 11351 of the Health and Safety Code (possession for sale of cocaine); count II alleged a violation of section 148 of the Penal Code (interfering with peace officers in the discharge of their duties); and count III alleged a violation of sections

---

[1] *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305].

242/243, subdivision (d) of the Penal Code (battery upon a peace officer, Officer Harris). At arraignment, minor denied the petition and the matter was set for discovery.

On December 22, 1986, defense counsel filed a *Pitchess* motion seeking discovery of the identity of citizens who had filed complaints against both Officers Loomis and Harris for acts of aggressive behavior, violence or excessive force, improper police tactics, dishonesty and racial or class prejudice. The defense also sought to discover copies of statements made in connection with the complaints; copies of investigative reports generated in the police department's investigation of such complaints; records of statements, reputations or opinions, including findings, letters, formal reports and oral conversations made by psychiatrists, superior officers and fellow officers pertaining to excessive force, dishonesty, improper tactics and racial and class prejudice; and any papers documenting disciplinary actions taken against the officers.

In the attached affidavit defense counsel explained that the materials were unavailable to minor except by order of the court and were necessary for preparation of the defense. The affidavit stated that minor would deny using force against the officers at the time of his arrest but, rather, would establish that the officers had used unnecessary force against him.

Additionally, the affidavit set forth minor's contention that the officers lied about having seen him toss the plastic bag containing cocaine and the minor's claim that the drug had been planted on him. The affidavit also stated that the material sought would assist minor in establishing that, a week prior to his arrest, minor had been beaten by both officers and that Officer Loomis had held a gun to his head. Accordingly, the discovery request was justified as being relevant to the officers' propensity to engage in improper acts and excessive violence.

The affidavit also claimed that the information sought might establish racial or class bias on the part of the officers or demonstrate that the officers may have had a motive to lie about the circumstances of minor's arrest. The affidavit went on to say that if the officers had suffered previous complaints, they might have an economic incentive to lie, e.g., to avoid a disciplinary action entailing loss of wages. The affidavit also stated that the information sought might buttress minor's credibility.

The motion was heard on January 2, 1987. Prior to the hearing, the prosecutor, without explanation, amended count II of the petition, the interfering allegation, to delete the name of Officer Loomis. The motion was granted. The prosecutor then argued that, because Officer Loomis was no

longer named in the petition, complaints against him were irrelevant. The court granted discovery as to Officer Harris because he was named in the petition as a "victim" against whom the minor might raise a defense of self-defense. However, because he was not named in the petition, the court denied discovery as to Officer Loomis, finding that there was no showing of relevance as to him. The court stated: "I disagree with you that you may discover Officer Loomis's jacket because he just happened to be there and even participated in the arrest."

This petition for writ of mandate was filed on February 25, 1987, and, on March 3 1987, we stayed commencement of the trial pending our further order. On June 10, 1987, we issued an alternative writ.

## I

The real parties in interest, collectively referred to as the People, argue that no good cause exists for the discovery of the personnel records of a police officer not named as a victim in a criminal complaint. In connection with this argument they also assert under *Tyler* v. *Superior Court* (1980) 102 Cal.App.3d 82 [162 Cal.Rptr. 82], that an officer's specific past acts of unnecessary violence are inadmissible for the purposes set forth in the declaration of petitioner's counsel.

Preliminarily, though, we address ourselves to another challenge to that declaration; the People claim that a declaration based on information and belief is insufficient to justify *Pitchess* discovery.[2]

Evidence Code section 1043 authorizes the discovery of the personnel records of police officers upon motion accompanied by "[a]ffidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation . . . ." (Evid. Code, § 1043, subd. (b)(3).) The People contend that the affidavit filed by defense counsel fails to establish "good cause" because it is based upon information and belief. Although the People are not explicit as to their understanding of what the law requires, they appear to argue that only declarations based on the personal knowledge of the declarant are sufficient under section 1043.

Prior to the enactment of Evidence Code section 1043, the rules governing discovery of personnel records of police officers were judicially created,

---

[2] It appears that the People did not challenge the form of this declaration below and, additionally, this declaration was deemed adequate as to Officer Harris. Despite this procedural posture, because a conflict exists in the cases discussing this issue, we have decided to address it.

We do not, however, address the language of the execution itself, wherein the declarant states "I swear the above is true and correct based upon information and belief, upon penalty of perjury," any error having been waived by the failure to object.

as was all California law of discovery in criminal cases. In *Pitchess* v. *Superior Court, supra,* 11 Cal.3d 531, the Supreme Court delineated the showing needed to justify discovery of these personnel records: "[A]n accused in a criminal prosecution may compel discovery by demonstrating that the requested information will facilitate the ascertainment of the facts and a fair trial. [Citations.] The requisite showing may be satisfied by *general allegations* which establish some cause for discovery other than 'a mere desire for the benefit of all information which has been obtained by the People in their investigation of the crime.' [Citations.]" (Italics added.) (*Id.* at pp. 536-537, quoting *People* v. *Cooper* (1960) 53 Cal.2d 755, 770 [3 Cal.Rptr. 148, 349 P.2d 964].)

The *Pitchess* court rejected the People's request that defendant be required to adhere to strict civil procedure as it foresaw the likelihood that Fifth Amendment problems would develop. (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 536.) *Pitchess* did not require declarations based on the personal knowledge of the declarant to satisfy the showing needed to obtain discovery of personnel records.

The Supreme Court has rejected the argument that section 1043, which now governs disclosure of personnel records, requires the defendant's personal declaration to establish good cause.[3] "Evidence Code section 1043, subdivision (b)(3), which governs discovery of peace officer personnel records, contains no requirement of a 'personal' affidavit on the part of the accused." (*People* v. *Memro, supra,* 38 Cal.3d 658, 676.)

Finally, in *Pierre C.* v. *Superior Court* (1984) 159 Cal.App.3d 1120, 1123, footnote 2 [206 Cal.Rptr. 82], the Court of Appeal specifically held that "the allegations [to show good cause] may be based on information and belief. [Citations.]" (See also *Arcelona* v. *Municipal Court* (1980) 113 Cal.App.3d 523, 527 [169 Cal.Rptr. 877] [". . . discovery motion was accompanied by a supporting declaration of counsel (made) on information and belief . . . ."].)

Subdivision (b)(3) of Evidence Code section 1043 refers to the affidavit showing good cause based on "materiality" and stated on "reasonable belief."

Against this background of settled law, *City of Santa Cruz* v. *Superior Court* (1987) 190 Cal.App.3d 1669 [236 Cal.Rptr. 155], upon which the

---

[3] The People rely on *People* v. *Navarro* (1978) 84 Cal.App. 3d 355 [146 Cal.Rptr. 672], a case which intimated that a personal affidavit of a defendant is required to supply good cause for the discovery of the personnel records of a police officer. *Navarro* was discredited by the Supreme Court in *People* v. *Memro* (1985) 38 Cal.3d 658, 676, footnote 18 [214 Cal.Rptr. 832, 700 P.2d 446], which observed: "[T]o the extent *Navarro* suggests such a requirement, it is inconsistent with Evidence Code section 1043."

People principally rely, is curiously out of step. In that case, the court held that an affidavit made on information and belief by an attorney in support of a *Pitchess* motion was "fatally defective" in that such affidavits "are hearsay and furnish no proof of the facts stated . . . ." (*Id.* at p. 1674.) None of the authorities cited for this proposition by the court in *Santa Cruz* arise in the context of a *Pitchess* motion. Additionally, the court fails to address *Pierre C.,* which, as we have observed, holds to the contrary. The reasoning in *Santa Cruz* is further suspect in that one of the decisions that it cites approvingly, *Arcelona* v. *Municipal Court, supra,* 113 Cal.App.3d 523, held, as we have noted, that an attorney's affidavits based on information and belief laid an adequate factual foundation to establish plausible justification for *Pitchess* discovery. (*Arcelona* v. *Municipal Court, supra,* at p. 530.) The failure of the court in *Santa Cruz* to distinguish or explain its departure from these authorities results in our inability to follow its decision.

In our view, counsel in this situation must always rely on the representations of his client as to what has transpired; he has no personal information, and can only aver on information and belief.

 ■ Accordingly, we conclude that a declaration submitted on information and belief by one other than the accused, which demonstrates that the requested information will facilitate the ascertainment of the facts and a fair trial, is sufficient, if otherwise adequate, to satisfy the good cause requirement of section 1043. ■ Looking at the declaration submitted in connection with the discovery request in this case, we are satisfied that it adequately demonstrates that the information sought is (1) relevant to the defense, (2) necessary and otherwise unobtainable by minor in the absence of a court order, and (3) described with adequate specificity. (*Arcelona* v. *Municipal Court, supra,* 113 Cal.App.3d at p. 529.) We therefore reject the People's contention that the affidavit fails to show good cause as required by section 1043.

## II

 ■ The second issue before us concerns the scope of discovery under section 1043. Specifically, we must determine whether minor has shown good cause for his discovery request as to Officer Loomis, the "non-victim" officer. In the trial court's view, discovery of personnel records is appropriate only as to a named "victim" officer. This conclusion is at odds with settled law.

Contrary to the view advanced by the People, and apparently accepted by the court below, the standard governing discovery of personnel records is

not whether the information discovered is ultimately admissible at trial. "Section 1043 has no such precondition. Quite to the contrary, the Legislature has determined that the moving party must show only that the personnel records are *material* to the subject matter in the pending litigation." (*Pierre C.* v. *Superior Court, supra,* 159 Cal.App.3d at pp. 1122-1123; italics in original.) Under this standard, courts have allowed discovery of personnel records of all police officers "directly involved in the fracas" with a defendant (*Hinojosa* v. *Superior Court* (1976) 55 Cal.App.3d 692, 697 [127 Cal.Rptr. 664]), whether or not those officers are subsequently named as "victims" in the ensuing criminal complaint.

In *Kelvin L.* v. *Superior Court* (1976) 62 Cal.App.3d 823, 828 [133 Cal.Rptr. 325], the juvenile petitioner, charged with battery on a police officer, was allowed to discover the personnel records of the "non-victim" officer, the court noting: "[A]lthough evidence of prior misconduct, if any, by [the 'non-victim' officer] may not turn out to be admissible at trial, discovery is not limited to admissible evidence, but encompasses information which may lead to relevant evidence."

Similarly, in *Dell M.* v. *Superior Court* (1977) 70 Cal.App.3d 782 [144 Cal.Rptr. 418], the trial court deleted the name of one of two officers from a juvenile petition charging the petitioner with Penal Code section 148 and barred testimony from that officer as a sanction when the police department refused to provide the officer's personnel records. The Court of Appeal rejected the sanction as inadequate observing: "Calvert and Donahoe acted in concert and their actions are inextricably intertwined. Citizen complaints as to both of them are therefore discoverable whether or not they are both named in the formal charge. [Citations.]" (*Id.* at p. 787.)

In the instant case, as reflected in the arrest report,[4] the actions of Officers Harris and Loomis were inextricably intertwined in the altercation which is the basis of two of the charges against petitioner. Officer Loomis's personnel records are, therefore, properly discoverable as being relevant to the issue of self-defense, notwithstanding amendment of the petition to delete Loomis's name.

Moreover, as petitioner points out, Officer Loomis's records are relevant to the issue of any potential bias which would affect his credibility as a witness. (See, e.g., *In re Anthony P.* (1985) 167 Cal.App.3d 502, 508, 510 [213 Cal.Rptr. 424] [proof of a witness's racial bias admissible on issue of witness credibility].) The People cite *Tyler* v. *Superior Court, supra,* 102

---

[4]A copy of minor's arrest report was introduced as minor's exhibit A at the January 2, 1987, hearing.

Cal.App.3d 82, for the proposition that the use of specific acts of misconduct cannot be used to impeach the credibility of a witness. (*Id.* at p. 88.) Yet, as the People themselves concede, albeit in a footnote, *Tyler* was criticized on this point by the Supreme Court in *People* v. *Memro, supra,* 38 Cal.3d at page 683, footnote 26. We reject the contention.

Respondent court's denial of petitioner's discovery motion to Officer Loomis was an abuse of discretion.

Let a peremptory writ of mandate issue directing respondent court to vacate its order of January 2, 1987, denying petitioner's motion for pretrial discovery, filed on December 22, 1986, as to Long Beach Police Officer Loomis, and to enter a new and different order granting the motion.

McClosky, J., and Cole, J.,* concurred.

The petition of real parties in interest for review by the Supreme Court was denied November 12, 1987. Lucas, C. J., was of the opinion that the petition should be granted.

---

* Assigned by the Chairperson of the Judicial Council.