[No. A038802. First Dist., Div. Five. Oct 9, 1987.]

FUAD JALILIE, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Steve Emery Teich for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Blair W. Hoffman and Aileen Bunney, Deputy Attorneys General, for Real Party in Interest.

OPINION

KING, J.—■ In this case we hold that a declaration of defendant's counsel submitted on information and belief, if it demonstrates that information from a police officer's personnel records will facilitate the ascertainment of facts and a fair trial, is sufficient to support a discovery motion under Evidence Code section 1043.

Petitioner Fuad Jalilie is currently charged with two felony offenses in respondent superior court. Under Evidence Code section 1043 and *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], Jalilie filed a motion to discover the disciplinary records and personnel files of the officers involved in his arrest. The trial court denied the motion on the ground that the supporting declaration of counsel was made on information and belief rather than personal knowledge. Jalilie argues the procedural denial was erroneous and seeks a writ of mandate to compel the superior court to hear the motion on its merits. Having stayed the trial court proceedings and obtained opposition from the Attorney General, we conclude Jalilie's position is sound and issue the requested writ.

Evidence Code section 1043 permits a criminal defendant to discover the personnel records of police officers, on motion accompanied by affidavits "showing good cause for the discovery or disclosure sought, setting forth

the materiality thereof to the subject matter involved in the pending litigation . . . ." (Evid. Code, § 1043, subd. (b)(3).) The discovery is designed to "facilitate the ascertainment of the facts and a fair trial." (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 536.) "The requisite showing may be satisfied by general allegations which establish some cause for discovery other than 'a mere desire for the benefit of all information which has been obtained by the People . . . .' " (*Id.* at pp. 536-537, quoting *People* v. *Cooper* (1960) 53 Cal.2d 755, 770 [3 Cal.Rptr. 148, 349 P.2d 964].)

Jalilie's *Pitchess* motion was supported by a lengthy declaration of counsel, executed on information and belief, reciting the arresting officers have a history of falsifying reports and evidence in *post hoc* attempts to justify unwarranted arrests, searches and seizures. The affidavit referred in detail to events in specific cases and alleged the arresting officers had a "habit[,] custom[,] plan, method and practice of searching people they suspect and later justifying such actions without regard to the truth of the matter."

The superior court ruled that the declaration was defective because the "requisite elements" of the "factual undertakings" of the motion were alleged only on information and belief. The court evidently based its ruling on *City of Santa Cruz* v. *Superior Court* (1987) 190 Cal.App.3d 1669 [236 Cal.Rptr. 155], in which the Court of Appeal held that a declaration by counsel in support of a *Pitchess* motion could not be based on information and belief.

The *Santa Cruz* case is inconsistent with the weight of prevailing authority. Every other court which has considered the issue has concluded that an attorney's *Pitchess* declaration may be set forth on information and belief. (*Larry E.* v. *Superior Court* (1987) 194 Cal.App.3d 25, 30-31 [239 Cal.Rptr. 264], petn. for review pending; *Pierre C.* v. *Superior Court* (1984) 159 Cal.App.3d 1120, 1123 [206 Cal.Rptr. 82]; *Arcelona* v. *Municipal Court* (1980) 113 Cal.App.3d 523, 527-530 [169 Cal.Rptr. 877].) Against this line of authority the *Santa Cruz* decision is "curiously out of step." (*Larry E.* v. *Superior Court, supra,* 194 Cal.App.3d at p. 31.) *Santa Cruz* reasoned that a declaration based on information and belief was "fatally defective" because facts so alleged are merely hearsay and not sufficient proof of good cause for *Pitchess* discovery. (*City of Santa Cruz* v. *Superior Court, supra,* 190 Cal.App.3d at p. 1674.)

The *Santa Cruz* discussion cites only civil cases, including *Star Motor Imports, Inc.* v. *Superior Court* (1979) 88 Cal.App.3d 201 [151 Cal.Rptr. 721], which states the correct general law that facts alleged on information and belief are hearsay and constitute a failure of proof. We do not quarrel with this general proposition, nor with its applications to various civil

contexts and to the necessity of verifying a petition for extraordinary writ on personal knowledge. (See *Star Motor Imports, Inc.* v. *Superior Court, supra,* 88 Cal.App.3d 201.) We reject *Santa Cruz's* proposition that the general rule applies to the context of *Pitchess* discovery afforded a criminal defendant. "None of the authorities cited for this proposition by the court in *Santa Cruz* arise in the context of a *Pitchess* motion. Additionally, the court fails to address *Pierre C.*, which . . . holds to the contrary. The reasoning in *Santa Cruz* is further suspect in that one of the decisions that it cites approvingly, *Arcelona* v. *Municipal Court,* . . . held . . . that an attorney's affidavits based on information and belief laid an adequate factual foundation to establish plausible justification for *Pitchess* discovery. [Citation.] The failure of the court in *Santa Cruz* to distinguish or explain its departure from these authorities results in our inability to follow its decision." (*Larry E.* v. *Superior Court, supra,* 194 Cal.App.3d at p. 31.)

We are in agreement with *Larry E.'s* assessment of *Santa Cruz,* and we likewise decline to follow its reasoning. The declaration of Jalilie's counsel on information and belief was adequate, and denial of the *Pitchess* motion on that ground was error. We may correct the error by the issuance of a peremptory writ in the first instance, having extended appropriate notice to the parties. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue commanding respondent superior court to vacate its order denying petitioner's *Pitchess* motion, and to reinstate the motion and conduct further proceedings thereon. We express no opinion on the merits of Jalilie's motion or on any other procedural objection the People may permissibly raise, other than the basing of the declaration on information and belief. The stay of proceedings heretofore imposed shall remain in effect until the finality of this opinion.

Low, P. J., and Haning, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied January 21, 1988.