[No. C003175. Third Dist. Apr. 29, 1988.]

CITY OF REDDING, Petitioner, v.
THE MUNICIPAL COURT FOR THE REDDING JUDICIAL
DISTRICT OF SHASTA COUNTY, Respondent;
THE PEOPLE et al., Real Parties in Interest.

COUNSEL

Randall A. Hays, City Attorney, and Walter P. McNeill, Assistant City Attorney, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Arnold O. Overoye, Assistant Attorney General, Frank J. O'Connor, Public Defender, and David J. Osborne, Deputy Public Defender, for Real Parties in Interest.

OPINION

**PUGLIA, P. J.**—Petitioner City of Redding (City) seeks a writ of mandate directing respondent municipal court to vacate its ruling granting the motion of real party in interest Richard Allen Barreau (Barreau) for discovery of personnel records of a City police officer. City contends it was error to grant Barreau's motion because it was supported only by hearsay in the form of his attorney's affidavit on information and belief and hearsay is incompetent to support a motion to compel discovery. We shall deny the petition.

Barreau is charged in respondent court with misdemeanor battery on a peace officer (Pen. Code, § 243, subd. (c)), and obstructing a peace officer (Pen. Code, § 148), also a misdemeanor. Barreau filed a motion "for an order to produce documents for inspection," seeking production of the personnel records of the alleged victim, the arresting officer. Respondent court ordered the personnel records produced for in camera inspection.

Thereafter, City filed the instant petition seeking relief from respondent court's order. We stayed enforcement of the ruling, invited opposition and notified the parties we were considering issuing a peremptory writ in the first instance. Barreau filed opposition to the petition.

■ Preliminarily, we note the rule disfavoring review of discovery orders by prerogative writ is not applicable here because City asserts production of the personnel records would violate a privilege. (*Sacramento City Police Dept.* v. *Superior Court* (1984) 156 Cal.App.3d 1193, 1195 [203 Cal.Rptr. 169], disapproved on another point, *People* v. *Memro* (1985) 38 Cal.3d 658, 683, fn. 26 [214 Cal.Rptr. 832, 700 P.2d 446].)

Discovery of peace officer personnel records is governed by Penal Code section 832.7, which provides in relevant part, "Peace officer personnel

records and records maintained pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. . . .'' (Further statutory references to sections of an undesignated code are to the Evidence Code.)[1] Section 1043, subdivision (b)(3), requires any motion seeking disclosure of peace officer personnel files to include "[a]ffidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that such governmental agency identified has such records or information from such records." Section 1045 adds that the information sought must be ". . . relevant to the subject matter involved in the pending litigation," and "[i]n determining relevance the court shall examine the information in chambers . . . ."

■ "A defendant's motion to discover is addressed solely to the sound discretion of the trial court, which has inherent power to order discovery when the interests of justice so demand. [Citations.] Allowing an accused the right to discover is based on the fundamental proposition that he is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accessible information. [Citations.]" (*Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531, 535-536 [113 Cal.Rptr. 897, 522 P.2d 305].) "[A]n accused in a criminal prosecution may compel discovery by demonstrating that the requested information will facilitate the ascertainment of the facts

[1] Penal Code section 832.5 requires police departments to retain citizen complaints filed against officers, and resulting reports or findings, for at least five years.

Evidence Code section 1043 provides: "(a) In any case in which discovery or disclosure is sought of peace officer personnel records or records maintained pursuant to Section 832.5 of the Penal Code or information from such records, the party seeking such discovery or disclosure shall file a written motion with the appropriate court or administrative body upon 10 days' written notice to the governmental agency which has custody and control of such records. Upon receipt of such notice the governmental agency served shall immediately notify the individual whose records are sought. [¶] (b) Such motion shall include: [¶] (1) Identification of the proceeding in which discovery or disclosure is sought, the party seeking discovery or disclosure, the peace officer whose records are sought, the governmental agency which has custody and control of such records, and the time and place at which the motion for discovery or disclosure shall be heard; [¶] (2) A description of the type of records or information sought; and [¶] (3) Affidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that such governmental agency identified has such records or information from such records. [¶] (c) No hearing upon a motion for discovery or disclosure shall be held without full compliance with the notice provisions of this section except upon a showing by the moving party of good cause for noncompliance, or upon a waiver of such hearing by the governmental agency identified as having such records."

Evidence Code section 1046 provides: "In any case, otherwise authorized by law, in which the party seeking disclosure is alleging excessive force by a peace officer in connection with the arrest of that party, the motion shall include a copy of the police report setting forth the circumstances under which the party was stopped and arrested."

and a fair trial. [Citations.] The requisite showing may be satisfied by general allegations which establish some cause for discovery other than 'a mere desire for the benefit of all information which has been obtained by the People in their investigation of the crime.' [Citations.]" (*Id.*, at pp. 536-537.)

In *Pitchess,* the defendant, charged with battery against four deputy sheriffs, sought records of investigations regarding citizen complaints against the officers to substantiate his claim of self-defense in response to the officers' use of excessive force. (*Id.*, at p. 534.) The court held the records discoverable as they were unquestionably relevant under section 1103 as character evidence of the victims' tendency to violence. (*Id.*, at p. 537.) The court rejected the application of civil discovery rules in criminal prosecutions because strict adherence to those rules would likely lead to Fifth Amendment problems in many instances. (*Id.*, at p. 536.)

In *Caldwell* v. *Municipal Court* (1976) 58 Cal.App.3d 377 [129 Cal.Rptr. 834], appellants were charged with misdemeanor battery on a peace officer. The Court of Appeal held their motion to compel discovery was properly supported by their attorney's affidavit on information and belief that the arresting officers used excessive force against them and had used excessive force in previous arrests. (At pp. 379-380.) The *Caldwell* court explained that a requirement the "*Pitchess* motion" be supported by an affidavit on personal knowledge would have the potential of interfering with the appellants' privilege against self-incrimination. (*Id.*, at p. 380.)

In 1978, the Legislature adopted sections 1043 and 1045, and Penal Code section 832.7, discussed *ante*. (Stats. 1978, ch. 630, §§ 1, 3, and 5, pp. 2081-2083.) Subdivision (a) of section 1045 provides: "Nothing in this article shall be construed to affect the right of access to records of complaints, or investigations of complaints, or discipline imposed as a result of such investigations, concerning an event or transaction in which the peace officer participated, or which he perceived, and pertaining to the manner in which he performed his duties, provided that such information is relevant to the subject matter involved in the pending litigation."

As explained in *People* v. *Municipal Court* (*Hayden*) (1980) 102 Cal.App.3d 181, 185 [162 Cal.Rptr. 347], it may be inferred the Legislature was aware of the *Pitchess-Caldwell* analysis; by directing in section 1045, subdivision (a), that the statute shall not be construed to affect discovery of relevant investigatory records of transactions in which an officer participated, the Legislature inferentially intended to adopt the holding of *Caldwell* that an affidavit in support of a *Pitchess* motion may be made on information and belief. A number of recent appellate decisions have adopted the view expressed in *Hayden* that a *Pitchess* motion may be made on

information and belief. (*Jalilie* v. *Superior Court* (1987) 195 Cal.App.3d 487, 489-490 [240 Cal.Rptr. 662], review den. Jan. 21, 1988; *Larry E.* v. *Superior Court* (1987) 194 Cal.App.3d 25, 31 [239 Cal.Rptr. 264], review den. Nov. 12, 1987; *Pierre C.* v. *Superior Court* (1984) 159 Cal.App.3d 1120, 1123, fn. 2 [206 Cal.Rptr. 82] [dictum]; *Arcelona* v. *Municipal Court* (1980) 113 Cal.App.3d 523, 531 [169 Cal.Rptr. 877] [dictum].)

City argues that the analysis in *Hayden* is flawed because it allows a *Pitchess* motion to be supported by hearsay evidence. Relying on *City of Santa Cruz* v. *Superior Court* (1987) 190 Cal.App.3d 1669 [236 Cal.Rptr. 155], City maintains hearsay is incompetent to support a *Pitchess* motion. *City of Santa Cruz* holds affidavits on information and belief are hearsay, are not competent proof of the facts asserted and furnish no basis for a ruling granting a *Pitchess* motion. (*Id.*, at p. 1674.) *City of Santa Cruz* cites four civil cases in support of its holding, three of which rely on *Star Motor Imports, Inc.* v. *Superior Court* (1979) 88 Cal.App.3d 201 [151 Cal.Rptr. 721], the fourth cited case. (*Ibid.*) *Star Motor Imports* holds an affidavit on information and belief is hearsay and will not support a petition for writ of mandate. (*Id.*, at pp. 203-204.) Because of its implications for the privilege against self-incrimination, the *Star Motor Imports* analysis is inappropriate in the context of a *Pitchess* motion.

The Supreme Court has provided further guidance on the subject of *Pitchess* motions in *People* v. *Memro, supra,* 38 Cal.3d 658. There, the court held a *Pitchess* motion may be supported by defense counsel's affidavit rather than by defendant's personal averment. (*Id.*, at p. 676.) The logical result of the holding in *Memro* is that defense counsel's affidavit may be on information and belief since ". . . counsel in this situation must always rely on the representations of his client as to what has transpired; he has no personal information, and can only aver on information and belief." (*Larry E., supra,* 194 Cal.App.3d at p. 31.) As to the allegations in a *Pitchess* motion of prior acts of excessive force by arresting officers, the *Memro* court took a similarly practical view: "Since appellant did not have access to prior complaints about the officers, he was not in a position to know whether the complaints in fact established the custom, habit, intent, motive or plan which he alleged. (Cf. *Pitchess* v. *Superior Court, supra,* 11 Cal.3d at pp. 537-538.) To require specificity in this regard would place an accused in the Catch-22 position of having to allege with particularity the very information he is seeking. Neither the Evidence Code nor *Pitchess* was intended to be applied in this manner." (*Memro, supra,* 38 Cal.3d at p. 684.)

We conclude defense counsel's affidavit on information and belief will support a *Pitchess* motion, so long as the declaration "demonstrates that information from a police officer's personnel records will facilitate the

ascertainment of facts and a fair trial . . . ." (*Jalilie, supra,* 195 Cal.App.3d at p. 488.) Here counsel's affidavit together with other competent evidence before the court provides adequate basis to support the discovery order under consideration.

Realistically, a defendant cannot personally swear to facts underlying a claim of self-defense without giving up in part the privilege against self-incrimination. Moreover, defense counsel cannot personally swear to facts which counsel obtained from the client. We are not insensitive to the implications of our decision on the right to privacy of peace officers. However, the requirement of in camera inspection of officers' personnel files provides adequate protection of privacy rights while also protecting a defendant's due process right to discovery and Fifth Amendment privilege.

The stay of the respondent court's order is discharged and the petition is denied.

Evans, J., and Sims, J., concurred.